**STATE of Missouri, Plaintiff-Respondent,**

v.

**Samuel Lee CRUMP, Defendant-Appellant.**

Nos. 40918, 41061.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 23, 1979.

Blair K. Drazic, Asst. Public Defender, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Michael P. Donegan, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SNYDER, Judge.

Samuel Crump was convicted of burglary in the second degree and stealing. §§ 560.-070, 560.095, RSMo 1969. He was given

concurrent sentences of eight years on the second degree burglary conviction and five years on the stealing conviction. He appeals, alleging that the trial court erred in depriving him of due process by compelling him to proceed with voir dire examination in his jail clothing.

The judgment is affirmed.

Appellant's trial began Wednesday, September 6, 1978 at 4:00 p. m. Before appellant was brought into the courtroom for voir dire, defense counsel told the court that appellant should not appear in jail clothes and that appellant had told counsel he had readily available clothes he wished to wear.

When appellant came into the courtroom dressed in a blue jump suit in view of all prospective jurors, defense counsel moved for a mistrial. He also requested a continuance so that appellant could change. The court indicated that the warden would be instructed that the next morning appellant should be allowed to wear any clothes he possessed at the city jail. The court then asked appellant, "Do you have an objection to selecting a jury and making a statement? Do you have some better clothes? It's all right with me." Appellant replied, "Yes, sir." The trial court and apparently defense counsel interpreted the appellant's acquiescence to mean he agreed to proceed dressed as he was.

Defense counsel objected, stating that he was better qualified to assess the effect of the clothing on the jurors than appellant, and asked for a new panel for Thursday. The court overruled the objection and told defense counsel he could explain the clothes to the panel. The court also remarked for the record that the jump suit was neat, clean and pressed, and bore no identifying marks.

Defense counsel requested that the court indicate for the record that his motion was made at 4:00 p. m. and a new jury could be obtained by 10:00 a. m. the following morning, and the court did so. After reviewing the file and the number of witnesses involved, the court determined that it was "in the best interest of justice" to proceed with voir dire.

At the beginning of voir dire, defense counsel told the panel that appellant was wearing the jump suit because he was not given an opportunity to change before being brought to court. Following defense counsel's remarks, the court asked the jury if any of the members could be prejudiced against appellant because of the jump suit. No response was received from the panel.

On Thursday, the second day of the trial, appellant appeared in black clothing. Defense counsel again moved for a mistrial on the grounds that appellant had been forced to stand trial in prison clothing. He stated that the trial would be finished by Friday if started anew, and agreed to offer the clothing into evidence. The court overruled the motion, noting that appellant had agreed the day before to begin the trial clothed in the jump suit. Defense counsel claimed he was better able to determine the effect of the clothes on the jury than was appellant. The motion was overruled again, the court observing that the jump suit was blue in color and had no markings identifying it as prison garb.

Appellant cites *Estelle v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976) for his proposition that he was denied the presumption of innocence by being forced to stand trial in his prison clothing. In *Williams*, the court stated, at page 512, 96 S.Ct. at page 1697 that, "the State cannot, consistently with the Fourteenth Amendment, compel an accused to stand trial before a jury while dressed in *identifiable* prison clothes [emphasis supplied] . . . ." The court in *Williams* found the defendant had waived the right not to stand trial in the clothes by not objecting. In doing so, the court, at page 512, 96 S.Ct. at page 1697, distinguished this right from a "fundamental right," labelling it as part of the "vast array of trial decisions, strategic and tactical, which must be made before and during trial . . . ."

In *Wright v. State of Texas*, 533 F.2d 185 (5th Cir. 1976) and *Goodspeed v. Estelle*, 436 F.Supp. 1383 (N.D.Tex.1977), it was held that *Williams* required reversal of a convic-

tion only where a defendant had been compelled to stand trial in *identifiable* prison garb. The courts found no denial of due process in those cases because the clothing was not typical of and recognized as jail clothing.

This court has examined the clothes in question. The garment described as a jump suit by appellant is a one-piece coverall type of garment, blue in color with no markings of any kind.

The shoes worn by appellant were white sneakers with the usual three black stripes on each side above the instep. The letters "C J" one inch high in faded red ink are hand-printed on the outside of each shoe on the counter or portion of the shoe above the heel. However, the counters or uppers of the shoes above the heels have been flattened against the insole by the wearer, resulting in partial or complete concealment of the letters when the shoes are being worn. The only letter visible in its entirety was the "J" on the one shoe, the "C" on that shoe having been entirely hidden. Only the top halves of the letters were visible on the other shoe.

There was no way a juror could have identified the clothing worn by appellant as being jail attire.

Although the exchange between the trial court and appellant was somewhat ambiguous the record indicates both the judge and defense counsel interpreted the appellant's "Yes, sir." as evincing a willingness to proceed clothed as he was in the jump suit and sneakers. Even without a waiver, the trial court considered the issue but found that the jump suit and shoes would not be recognized by the panel as prison clothing.

A trial court has wide discretion in the conduct of a trial. *State v. Wilwording*, 394 S.W.2d 383 (Mo.1965). Appellant was entitled to a fair trial, not a perfect one. *State v. Keeble*, 427 S.W.2d 404 (Mo.1968). The trial judge weighed the effect of the clothing on the jury, and also asked on voir dire whether any juror would be prejudiced because of appellant's appearance. The response from the members of the panel was negative. The trial court's discretion was not abused by refusing to grant a mistrial or continuance.

The judgment is affirmed.

REINHARD, P. J., and GUNN and CRIST, JJ., concur.