**STATE of Missouri, Respondent,**

v.

**Lee A. BEAL, Appellant.**

**No. 40914.**

Missouri Court of Appeals,
Eastern District.

July 1, 1980.

John J. Allan, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

GUNN, Presiding Judge.

Defendant was charged with forcible rape, armed criminal action and two counts of armed robbery. He was convicted of forcible rape and acquitted of the other charges. His appeal raises four points of alleged trial court error, none of which has merit: (1) that his motion for psychiatric examination should have been granted; (2) that one of the jurors should have been removed for cause; (3) that he was improperly permitted to appear in court in jail clothing; (4) that his statement should have been suppressed as having been coerced.

In the evening of February 16, 1978, the victim, her fiancé and another friend parked their automobile in the parking lot of a downtown St. Louis restaurant. As they were alighting from the auto, they were accosted by two men, one of them armed. The victim and her two companions were ordered to remain in the car and give up their money. They were soon joined in the auto by the defendant who immediately commenced to fondle the victim. The victim's fiancé was then directed to drive off with the three unwanted intruders, and as the auto started off, one of the captives was successful in escaping. He immediately reported the incident to police. Defendant and his cohorts forced the victim's fiancé to drive the auto to a nearby alley and stop. Defendant then pulled the victim from the auto and raped her. The sexual act completed, the victim and her fiancé were ordered back into the auto with the defendant and his two companions. As the auto emerged from the alley it was overtaken by a police vehicle. Defendant and his companions leaped from their automobile to run away. In so doing, defendant slipped on some ice. As he stumbled downward, a police officer, also on foot, grabbed him and they both went crashing into a fence, then to the ground. Defendant was arrested, and, after being given his *Miranda* warnings, signed a written statement confessing the rape.

■ On the morning of the trial, defendant's counsel filed a motion for psychiatric examination to determine defendant's competency to stand trial. The motion was overruled, and defendant claims error. Section 552.020, RSMo Supp. 1975, under which defendant filed his motion, provides that whenever the judge "has reasonable cause to believe that the accused has a mental disease or defect excluding fitness to proceed," he shall appoint a physician or physicians to conduct a psychiatric examination. Defendant correctly asserts that the trial court must confront the mental competency issue as it arises and at any step of the proceedings when it has reasonable ground to believe there is a mental defect excluding fitness for trial. *King v. State*, 581 S.W.2d 842 (Mo.App. 1979). But with regard to ordering a mental examination, the trial court is vested with broad discretion. *State v. Bradshaw*, 593 S.W.2d 562 (Mo. App. 1979); *State v. Clark*, 546 S.W.2d 455 (Mo.App. 1976). We find no abuse of the trial court's discretion with regard to the denial of the motion for psychiatric examination. It was apparent that throughout the trial the defendant was alert and well able to competently participate in the proceedings. He testified ably at the motion to suppress his confession. His testimony during his direct and cross examination was clear and straightforward. He was abundantly capable of articulating his thoughts

and promoting his position in the case. His responses to questions from the trial court revealed a clear understanding of the proceedings. A former teacher panegyrized defendant with the comment that he was the most successful student he had ever taught, overcoming reading and writing disabilities. He had a ninth grade education from Central High School in St. Louis. Based on the foregoing, there was absolutely no abuse of the trial court's discretion in denying the motion for examination filed on the morning of the trial, nearly nine months after counsel had been appointed to represent defendant. *State v. Stewart,* 596 S.W.2d 758 (Mo.App. 1980); *State v. Crowley,* 571 S.W.2d 460 (Mo.App. 1978); *State v. Vansandts,* 540 S.W.2d 192 (Mo.App. 1976). *See also McDonald v. State,* 572 S.W.2d 633 (Mo.App. 1978).

Defendant's second point relates to the failure of the trial court to strike a venireman who stated that she did not "want to be responsible for affecting the outcome of someone's life for years to come". She did state, however, that she would be impartial. The trial court asked the prosecutor and defendant's counsel whether they wanted the prospective juror disqualified. Neither did, particularly defendant's counsel. Initially, it would appear to be to the defendant's advantage to have the venireman remain on the case. Furthermore, the trial court has very wide discretion in ruling on challenges for cause. *State v. Olinghouse,* 605 S.W.2d 58 (Mo. banc 1980); *State v. Thomas,* 596 S.W. 2d 409 (Mo. banc 1980). We find no abuse of discretion by the trial court in failing *sua sponte* to reject the juror, especially in light of the fact that defendant made no complaint of her continuing to serve. *Cf. State v. Ball,* 591 S.W.2d 715 (Mo.App. 1979) (holding no abuse of discretion in the trial court's disqualification of a prospective juror who had declared that an offense would not warrant a five year minimum sentence). There was no prejudice to defendant nor evidence of any need to expend a peremptory challenge to remove her.

Defendant next complains of an inadvertent, abbreviated appearance in his jail-issued jumpsuit. At the outset of the second day of trial, after all the evidence was in and prior to reading instructions to the jury, the record shows:

*MORNING SESSION*

(On August 10, 1978, the trial was resumed before the jury:)

(At the bench, out of the jury's hearing:)

MR. ALLAN: [Defendant's counsel] Judge, I don't know what to say about him being brought in those clothes, and I don't know what it does to the jury.

THE COURT: Sheriff Wrights, (sic) step up. Why did you bring him over like that?

SHERIFF WRIGHT: His clothes? I didn't bring him over. Brooks brought him over. They asked if he wanted his clothes.

THE COURT: Where are his clothes?

SHERIFF WRIGHT: Still over at the Jail.

THE COURT: Do you want him sent back over?

MR. ALLAN: It doesn't make a hell of a lot of difference right now.

THE COURT: You may send him back over. Take him back over and let the defendant put on the clothes he had on yesterday.

MR. ALLAN: The damage has been done now, Judge. Just for the record, I would make an objection, and I will also make a motion for mistrial.

THE COURT: That will be denied.

MR. ALLAN: Let me make the rest of the record. Based upon the fact the defendant is not in control and the State— and the State, whatever problems there were in getting his clothes, the problem was on the part of the State. My objection is that it is the total negligence of the State involved, and it has a prejudicial effect on the jury.

(The trial was resumed before the jury:)

(The Defendant was taken out by the Sheriffs and returned in changed clothing.)

Defendant asks us to find a reversible error by reason of the foregoing clothing incident. No basis exists for such a finding. First, the record does not establish that *defendant's clothing* would be recognized by a jury as prison garb. There is no indication of identification numbers, type of shoes worn, any serial numbers or initials that would identify his clothing. Second, it is manifest that the defendant was not compelled to appear before the jury in prison clothing. Thus, *Estelle v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976) is felicitous. The holding of *Estelle* is that a prisoner cannot be compelled to appear in court in identifiable prison clothing. But absent such compulsion, no constitutional violation occurs by an appearance before a jury in such apparel.

A situation remarkably similar to the case *sub judice* is *State v. Crump*, 589 S.W.2d 328 (Mo.App. 1979). In *Crump*, the defendant was brought into court wearing a blue jumpsuit without identifying markings. Objection and motion for mistrial were made by the defendant's counsel and overruled. The trial court noted that "there was no way a juror could have identified the clothing . . . as jail attire." On appeal, with the defendant asserting *Estelle v. Williams*, it was held that:

A trial court has wide discretion in the conduct of a trial. *State v. Wilwording*, 394 S.W.2d 383 (Mo. 1965). Appellant was entitled to a fair trial, not a perfect one. *State v. Keeble*, 427 S.W.2d 404 (Mo. 1968). The trial judge weighed the effect of the clothing on the jury . . . The trial court's discretion was not abused by refusing to grant a mistrial or continuance.

*Id.* at 330. The foregoing is appropriate to this case and we find no reversible error in the clothing incident.

■ Finally, defendant argues that his statement inculpating him as the rapist should have been suppressed as being the result of physical coercion. Defendant cor-

rectly contends that a confession must be free of improper influence; that once the claim of involuntariness is made, the burden of proving voluntariness passes to the state. *State v. Hughes*, 596 S.W.2d 723 (Mo. banc 1980). Defendant, while admitting he was given his *Miranda* warnings, asserts that he signed the confession after a beating had been administered. The police officer taking the statement denied any coercion, forceful or otherwise. The situation, then, replicates *State v. Hughes*, in that:

The trial court heard evidence of statements made to police officers, and the court found that the statements were made voluntarily and were admissible into evidence. The jury was also instructed concerning the issue of voluntariness and told to disregard the confessions if they found the statements were made involuntarily. *See State v. Kurtz*, 564 S.W.2d 856, 860 (Mo. banc 1978). The record shows that appellant was given the required warnings required by *Miranda v. Arizona*, 384 U.S. [436] at 467–81, 86 S.Ct. [1602] at 1624–26 [16 L.Ed.2d 694],

. . . .

*Id.* at 727. When, as here, the evidence regarding the propriety of the confession is conflicting, including the matter of defendant's mentality, admission of the confession is within the trial court's substantial discretion. *State v. Miller*, 593 S.W.2d 895 (Mo. App. 1980); *State v. Frazier*, 587 S.W.2d 368 (Mo.App. 1979); *State v. Williams*, 566 S.W.2d 841 (Mo.App. 1978).

■ The evidence in this case was sufficient to support the admissibility of the confession by the trial court and a jury finding, after being instructed on the voluntariness issue, that the statement was voluntarily made. *State v. Hughes*, 596 S.W.2d at 727.

Judgment affirmed.

CRIST and PUDLOWSKI, JJ., concur.