CRIST, Presiding Judge.

Appeal from the denial, without an evidentiary hearing, of movant's Rule 27.26 motion. We affirm.

**Jimmy COOPER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 43857.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 22, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 20, 1981.

Application to Transfer Denied
Dec. 18, 1981.

Gary Robbins, Public Defender, Scott E. Walter, Asst. Public Defender, Jackson, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Stephen Limbaugh, Cape Girardeau, for respondent.

On January 3, 1978, movant pleaded guilty to two counts of kidnapping. Prior to the pleas, movant's counsel presented motions for psychiatric examination pursuant to movant's plea of not guilty by reason of mental disease or defect. Counsel later withdrew those motions when movant decided to abandon his pleas of not guilty and enter guilty pleas. The court accepted the pleas after movant, at his counsel's request, was questioned extensively as to his satisfaction with his representation by counsel and the decision to enter pleas of guilty. Movant denied the existence of any mental disease or defect or defense based thereon. After testimony by movant indicating that his guilty pleas were knowingly, voluntarily and intelligently made, movant was sentenced to consecutive five and ten year sentences. Movant, thereafter, made a Rule 27.26 motion in which he alleged that he was suffering from a mental disease or defect at the time his pleas were entered. He further complained of ineffective assistance of counsel who allowed the pleas of guilty, allegedly despite suspicions that movant was suffering from such mental disease or defect.

On January 5, 1981, the Rule 27.26 judge entered findings of fact and conclusions of law stating that movant's allegations were not sufficient to warrant an evidentiary hearing. Movant appeals.

The Rule 27.26 judge concluded that the allegations contained in movant's Rule 27.26 motion were insufficient to warrant relief in that they were refuted by the files and records of the case. We agree and the transcript of the guilty plea proceeding supports this conclusion. See, *Smith v. State,* 513 S.W.2d 407, 410–11 (Mo.banc 1974); *Kearns v. State,* 583 S.W.2d 748, 750 (Mo. App.1979). The record reveals no abuse of discretion in concluding movant was competent to enter a plea of guilty. See, *State v. Stewart,* 596 S.W.2d 758, 761 (Mo.App. 1980); *State v. Abrams,* 597 S.W.2d 230, 232

(Mo.App.1980). Additionally, the record refutes movant's contention that he was denied effective assistance of counsel. *Seales v. State*, 580 S.W.2d 733, 735–36 (Mo.banc 1979).

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.