**STATE of Missouri, Respondent,**

v.

**Enoch Lawrence BOLDEN, Jr., Appellant.**

**No. 47420.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 22, 1984.

Chris Hayden, Asst. Public Defender, Twenty-First Judicial Circuit, Clayton, for appellant.

John Ashcroft, Atty. Gen., Janet E. Papageorge, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Enoch Lawrence Bolden, Jr., defendant herein, appeals his conviction of robbery in the first degree. § 569.020, RSMo (1978). The case was tried to the court without a jury. Bolden was sentenced to twenty years' imprisonment. We affirm.

Defendant does not challenge the sufficiency of the evidence. An extended statement of the facts is therefore unnecessary. The evidence was sufficient to support the conviction.

Defendant's sole point on appeal is that the trial court erred in denying his request for a psychiatric examination. The motion for the examination alleged both incompetence to proceed to trial, *see* § 552.020.1, RSMo (Supp.1983), and a possible defense of not guilty by reason of mental disease or defect, *see* § 552.030, RSMo (Supp.1983). No attempt was ever made to enter a plea of not guilty by reason of a mental disease or defect excluding responsibility. In both the motion for new trial and on appeal, defendant alleges only that the court should have ordered the examination to determine competence to stand trial. We therefore review the point on that basis alone.

The test of competency to stand trial is whether the defendant has sufficient ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him. *State v. Crews,* 607 S.W.2d 729, 735 (Mo.App.1980). Whenever a judge "has reasonable cause to believe that the accused has a mental disease or defect excluding fitness to proceed he shall [order a psychiatric examination]." § 552.-020.2, RSMo (Supp.1983). The court has a duty to confront this issue if it arises at any stage of the proceedings but is vested with broad discretion in determining whether to order a mental examination. *State v. Beal,* 602 S.W.2d 22, 23 (Mo.App.1980). On this record we find no abuse of that discretion.

The motion was filed on March 8, 1983. An informal hearing was apparently held on the matter some time during the week of March 28, 1983, but the record fails to reveal what, if any, ruling was made at that time. On the day of trial, April 21, 1983, the matter was taken up again. The court interviewed defendant, who answered the court's questions lucidly. Defendant assured the judge he understood the charge and had been able to discuss it with his attorney and assist in preparing a defense. Defendant informed the court that the reason for the motion was to attempt to secure his release from the county jail, where he was apparently being held pending trial. At trial he testified on his own behalf and again seemed to understand the proceedings, giving no indication of a lack of competence. Finally, defendant was allowed to speak at the sentencing hearing and again gave every indication of having understood everything that occurred. We therefore fail to find any abuse of the court's discretion in failing to order a psychiatric examination of defendant.

The judgment of the trial court is affirmed.

KAROHL, P.J., and REINHARD, J., concur.