Enoch BOLDEN, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 53056.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 2, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 6, 1988.

Application to Transfer Denied May 17, 1988.

---

Michael D. Burton, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

After a trial before a judge, movant was convicted of first degree robbery and was sentenced to a term of 20 years in prison. We affirmed the conviction on direct appeal. *State v. Bolden,* 671 S.W.2d 418 (Mo.App.1984). Movant filed a pro se Rule 27.26 motion. Counsel was appointed, and an amended motion was filed. Movant and his trial counsel testified at the evidentiary hearing.

Movant testified he gave the names of two alibi witnesses, Alvin Martindale and Laretta Jones, to his trial counsel. Movant was unable to give an address or phone number of the witnesses to counsel, nor could he name anyone who could help locate the witnesses. The only information movant could provide was a general area in St. Louis where they stayed. Counsel apparently did not attempt to locate the two witnesses because movant provided insufficient information to locate them. The court issued findings of fact and conclusions of law and denied the motion.

In movant's sole point on appeal, he contends the court erred in finding his trial counsel was not ineffective. He asserts counsel was ineffective in failing to investigate the two alibi witnesses whom he named to counsel.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson,* 719 S.W.2d at 915. The movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Careaga v. State,* 613 S.W.2d 863, 867 (Mo.App.1981).

To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original).

 Counsel's duty to investigate includes contacting potential witnesses named by the client who might aid in his defense. *Poole v. State*, 671 S.W.2d 787, 788 (Mo.App.1983). When an ineffective assistance of counsel claim is based on an alleged failure to investigate, a movant must prove the witnesses could have been located through reasonable investigation, that they would have testified if called, and that their testimony would have provided a viable defense. *Hogshooter v. State*, 681 S.W.2d 20, 21 (Mo.App.1984); *see Thomas v. State*, 736 S.W.2d 518, 519 (Mo.App. 1987).

Movant presented no evidence that the alleged witnesses would have testified if found and that their testimony would have provided an alibi for him at the time of the crime. In the absence of evidence on these points, movant has failed to show ineffective assistance of counsel and the prejudice he suffered as a result. *Hogshooter*, 681 S.W.2d at 21; *Ladd v. State*, 621 S.W.2d 543, 545 (Mo.App.1981).

 The court found that movant's "trial counsel cannot be held responsible for his inability to contact potential witnesses" where the only information provided by movant concerning the witnesses was their names. Counsel has a duty to make a reasonable investigation or to make a reasonable decision that a particular investigation is unnecessary. A decision to forego investigation must be evaluated for reasonableness under the circumstances, all the while giving great deference to counsel's judgment. *Richardson*, 719 S.W.2d at 915, *citing Strickland*, 466 U.S. at 691, 104 S.Ct. at 2066; *see Sanders*, 738 S.W.2d at 858.

The finding and conclusion of the motion court on this point are not clearly erroneous.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.