Tim BAKER, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 18414.

Missouri Court of Appeals,
Southern District,
Division One.

May 18, 1993.

———

Raymond L. Legg, Office of the State Public Defender, Columbia, for movant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Saleeby, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Chief Judge.

Tim Baker (movant) appeals from an order denying his Rule 24.035 motion. The motion was directed to criminal convictions and sentences for assault in the first de-

gree, § 565.050,[1] a class A felony[2] (Count I), and armed criminal action, § 571.015, a class A felony (Count II). Movant was sentenced to ten years' imprisonment on Count I and three years on Count II. The sentences were ordered to run consecutively.

Movant contends that he was denied effective assistance of counsel in his underlying criminal case. He contends that his pleas of guilty were involuntary because they were "based upon an unfulfilled promise regarding the length of time he would be incarcerated." He argues that his trial counsel was ineffective in that the trial counsel misrepresented "that the [trial] court could grant [movant] credit for ... time ... served on bond awaiting trial."

The grounds upon which movant now asserts ineffective assistance of trial counsel were not included in his pro se Rule 24.035 motion or his amended motion. "A point raised on appeal [from an order denying a Rule 24.035 motion] can be considered only to the extent that it was raised in the post-conviction motion before the trial court. It cannot be raised for the first time on appeal." *Mevius v. State,* 789 S.W.2d 888, 892 (Mo.App.1990). The point is denied.[3] The order denying movant's Rule 24.035 motion is affirmed.

CROW, P.J., and SHRUM, J., concur.

1. References to statutes are to RSMo 1986.

2. The charge was a class A felony because it alleged that movant inflicted serious physical injury on the victim. § 565.050.2.

3. The issue presented before the motion court was a claim that movant had been promised probation. This court has gratuitously reviewed the record on appeal and finds that the motion

court's determination that "[t]he evidence clearly refutes movant's claim that he was promised probation if he entered a plea of guilty" was not clearly erroneous.