STATE of Missouri, Respondent,

v.

Stanley D. MULLINS, Appellant.

Stanley D. MULLINS, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 18073, 19682.

Missouri Court of Appeals,
Southern District,
Division One.

May 4, 1995.

Nancy Martin, Asst. Public Defender, St. Joseph, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michelle A. Freund, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Judge.

After a jury trial, Stanley D. Mullins (Defendant) was convicted of robbery in the second degree, § 569.030,[1] and sentenced to fifteen years' imprisonment. He appeals that conviction.

Defendant also filed a motion under Rule 29.15 to vacate his conviction and sentence. Following an evidentiary hearing, his motion was denied. He appeals from that denial. Here, the appeals were consolidated. Rule 29.15(*l*).

Defendant presents two points relied on. His first point, directed at his criminal conviction, asserts that the trial court erred in denying his objection to appearing before the jury panel in "prison/jail" clothing. He claims that appearing in prison clothing denied him due process, his right to a fair trial, and a fair and impartial jury. Defendant does not challenge the sufficiency of the evidence to convict him.

The State properly asserts that Defendant has failed to preserve this issue for our review because Defendant failed to include this claim of error in his motion for new trial. Rule 29.11(d); *State v. Phelps,* 816 S.W.2d 227, 231 (Mo.App.1991). Therefore, Defendant's claim is reviewable only for plain error. Rule 30.20. Under plain error review, Defendant must demonstrate that the trial court's action resulted in manifest injustice or miscarriage of justice. *State v.*

---

1. Statutory references are to RSMo 1986, unless otherwise indicated.

*Groves,* 646 S.W.2d 82, 83 (Mo.banc 1983). Here, Defendant fails to carry his burden.

■■■ *Estelle v. Williams,* 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976), holds that a prisoner cannot be compelled to appear in court in identifiable prison clothing. Defendant's statement of facts contains one sentence describing his clothing worn during trial. Defendant asserts that he "appeared in the orange jail jumpsuit with Stoddard County identification on the back of the shirt portion." No page reference to the legal file or transcript follows this statement of fact which is a violation of Rule 30.06(h). Our search of the record yields no evidence which describes Defendant's clothing worn during trial. Allegations in a brief unsupported by the record cannot be the basis of error. *State v. Carr,* 687 S.W.2d 606, 611 (Mo.App. 1985).

In *State v. Beal,* 602 S.W.2d 22 (Mo.App. 1980), the defendant claimed his court appearance in a jail issue jumpsuit was reversible error. The appellate court found *Estelle* inapplicable because the record failed to establish that the defendant's clothing would be recognized by a jury as prison garb, and it was manifest that the defendant was not compelled to appear before the jury in prison clothing. *Id.* at 25. As in *Beal,* the record here fails to establish that Defendant was compelled to appear before the jury in identifiable prison clothing.

■■ In his Point I argument, Defendant also complains about his first trial appearance in handcuffs, waist chains, and leg shackles. Point I does not raise an issue of appearing in restraints. We review only those matters raised in the "points relied on" in an appellant's brief. *State v. Adams,* 808 S.W.2d 925, 930 (Mo.App.1991). A claim of error not found in a point relied on preserves nothing for appellate review. *Id.* Even if we were inclined to review this claim for plain error, we find that Defendant's factual statements are unsupported by the record. In violation of Rule 30.06(h) Defendant provides no page references to the record supporting his statement that he appeared in restraints. Point I has no merit.

For his last point, Defendant contends that the motion court erred in denying his Rule 29.15 motion. He alleges his trial counsel was ineffective because he failed to (1) investigate and call certain requested witnesses, (2) timely object to Defendant's absence during certain stages of the trial, (3) object to the trial court's failure to require Defendant to sit at counsel table, and (4) challenge certain trial testimony by prosecution witnesses.

■■ Appellate review of a denial of a Rule 29.15 motion is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(j). Findings of fact and conclusions of law are clearly erroneous only if the appellate court is left with a definite and firm belief that a mistake has been made. *State v. Martin,* 882 S.W.2d 768, 770 (Mo.App. 1994).

■■ Issues (1), (2), and (4) raised by this point are not found in Defendant's motion. All grounds for relief not listed in a Rule 29.15 motion are waived. Rule 29.15(d). The effect of Rule 29.15(d) is to bar all claims not raised in a timely filed pleading. *State v. Twenter,* 818 S.W.2d 628, 641 (Mo.banc 1991). A point raised on appeal after denial of a postconviction motion can be considered only to the extent that the point was raised in the motion before the trial court. The point cannot be raised for the first time on appeal. *Baker v. State,* 852 S.W.2d 866 (Mo.App. 1993). An appellate court is without jurisdiction to consider an issue not raised before the motion court. *State v. Light,* 835 S.W.2d 933, 941 (Mo.App.1992). Therefore, we only address the issue raised in (3).

■■ When Defendant's trial commenced, he requested that another attorney be appointed to represent him. The trial court refused his request. Defendant, by his own choice, refused to sit at the counsel table and opted to sit some 20 to 30 feet away. The motion court found that "[Defendant] can not create his own facts and then claim that he was denied effective assistance of counsel because he fails and refuses to cooperate with his attorney." This finding is fully sup-

ported by the record and is not clearly erroneous.

Defendant chose to sit at a location away from his appointed counsel during trial. If the effectiveness of Defendant's counsel was diminished, the problem arose from Defendant's own conduct. "A defendant may not take advantage of self-invited error nor complain about matters he himself brings into the case." *State v. Kelly*, 689 S.W.2d 639, 640 (Mo.App.1985).

Both judgments are affirmed.

SHRUM, C.J., and FLANIGAN, J., concur.