**Michael C. CLAYTON,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent–
Respondent.**

No. 23070.

Missouri Court of Appeals,
Southern District,
Division Two.

June 21, 2000.

Amy M. Bartholow, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Jefferson City, for respondent.

PHILLIP R. GARRISON, Chief Judge.

Michael C. Clayton ("Movant") was charged with one count of possession of a controlled substance in violation of Section 195.202.[1] He was found guilty and sentenced, as a prior and persistent drug-related offender, to a term of fourteen years imprisonment. His conviction was affirmed on appeal in August 1998. Movant, thereafter, pursuant to Rule 29.15[2] filed a motion for post-conviction relief, which was later amended. Following an evidentiary hearing, the motion court denied relief. Movant appeals.

In Movant's sole point on appeal, he contends that the motion court erred in finding that his trial counsel was not ineffective in failing to locate and call Michael Torok ("Torok") as a witness on his behalf. Movant argues that Torok would have testified that the controlled substance, methamphetamine, found under the front seat of the car in which Movant was a passenger belonged to another occupant in the car, and that he had never observed the methamphetamine in Movant's possession.

Our review of the motion court's denial of post-conviction relief is not a de novo review; rather, the findings of the motion court are presumptively correct. *See Wilson v. State,* 813 S.W.2d 833, 835 (Mo. banc 1991). Review of the denial of a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(k); *Leisure v. State,* 828 S.W.2d 872, 873–74 (Mo. banc 1992), *cert. denied,* 506 U.S. 923, 113 S.Ct. 343, 121 L.Ed.2d 259 (1992). The findings and conclusions of the motion court are clearly erroneous only if, after review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *State v. Vinson,* 800 S.W.2d 444, 448 (Mo. banc 1990); *George v. State,* 973 S.W.2d 114, 115 (Mo.App. S.D.1998).

To prevail on a claim of ineffective assistance of counsel, a movant must show that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances and that he was thereby prejudiced. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *State v. Kelley,* 953 S.W.2d 73, 91 (Mo.App. S.D.1997), *cert. denied,* 522 U.S. 1151, 118 S.Ct. 1173, 140 L.Ed.2d 182 (1998). Prejudice is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.

A counsel's duty to investigate includes contacting potential witnesses,

---

1. All statutory references are to RSMo 1994 unless otherwise indicated.

2. All rule references are to Missouri Rules of Criminal Procedure (1999) unless otherwise indicated.

named by the client, who might aid the client's defense. *Bolden v. State*, 748 S.W.2d 703, 705 (Mo.App. E.D.1988). To establish that counsel was ineffective in failing to investigate or produce witnesses at trial, a movant must show: (1) that trial counsel knew or should have known of the existence of the witnesses; (2) that the witnesses could have been located through reasonable investigation; (3) that the witnesses would have testified if called; and (4) that the testimony of the witnesses would have provided a viable defense. *State v. Harris*, 870 S.W.2d 798, 817 (Mo. banc 1994), *cert. denied*, 513 U.S. 953, 115 S.Ct. 371, 130 L.Ed.2d 323 (1994). In the absence of such allegations, the motion does not show any prejudice to the movant by the alleged failure of counsel to secure the presence of and examine the witnesses. *State v. Gollaher*, 905 S.W.2d 542, 548 (Mo.App. E.D.1995).

In the instant case, Movant's trial counsel testified at the evidentiary hearing that he believed Movant was only superficially acquainted with Torok. Trial counsel further stated that he had insufficient information on which to locate Torok, as Movant never gave him a specific location or address. The motion court found that the testimony of Movant's trial counsel was credible in light of Torok's testimony at the hearing "that his acquaintance with [Movant] was casual and their contact usually took place at a local bar in Springfield during the two months he was present in th[e] city," and given that once Torok relocated to Arkansas, he had no permanent address and spent at least part of that time in custody in the state penitentiary or in the county jail.

Further, the motion court concluded that even if Torok had been available and had testified at trial, he would not have provided Movant with a viable defense. The motion court noted that Torok could only testify that he believed the methamphetamine "belonged to the black man," who was a passenger in the car, and could not testify that Movant had not been in possession of the drugs.

The motion court's findings of fact and conclusions of law are not clearly erroneous. Trial counsel's decision to forego investigation into Torok's whereabouts "must be evaluated for reasonableness under the circumstances, all the while giving great deference to counsel's judgment." *Bolden*, 748 S.W.2d at 705. Movant's trial counsel had no solid information from which he could have located Torok. Furthermore, Torok's testimony would not have provided Movant with a viable defense. Possession, not ownership, of the controlled substance was the essence of the crime. *See* § 195.202. "Constructive possession may be shown when other facts buttress an inference of [Movant's] knowledge of the presence of the controlled substance." *State v. Stillman*, 938 S.W.2d 287, 292 (Mo.App. W.D.1997). Here, Movant, who was the custodian of the vehicle, had access to the area in the vehicle where the methamphetamine was found. Movant also acknowledged purchasing the methamphetamine and attempting to use it. Regardless of whether or not Movant owned the methamphetamine, the evidence showed that Movant knew of and exercised dominion over the drugs. Movant's point is therefore denied.

The judgment of the motion court is affirmed.

PREWITT, J., and MONTGOMERY, P.J.,—concur.