Dwayne L. HOUSTON, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 104341

Missouri Court of Appeals,
Eastern District,
**DIVISION FOUR.**

Filed: March 14, 2017

FOR APPELLANT: Rosalynn Koch, Woodrail Centre, 1000 West Nifong, Building 7, Suite 100, Columbia, Missouri 65203

FOR RESPONDENT: Josh Hawley, Robert Jefferson Bartholomew, Jr., 221 West High Street, P.O. Box 899, Jefferson City, Missouri 65102

## OPINION

James M. Dowd, Judge

Dwayne L. Houston was convicted after a jury trial of first-degree burglary, attempted forcible rape, and second-degree sexual misconduct. The trial court sentenced Houston to concurrent terms of seventeen years' imprisonment for the first-degree burglary and attempted forcible rape convictions. Houston's sentence for the second-degree sexual misconduct conviction was discharged for time served awaiting trial. Houston's convictions were affirmed on direct appeal. See *State v. Houston*, 467 S.W.3d 894 (Mo.App.E.D. 2015).

Houston now appeals the denial following an evidentiary hearing of his Rule 29.15 [1] motion for post-conviction relief. Houston raises one point on appeal: that his trial counsel was ineffective for failing to call witnesses to testify at his hearing on his motion for new trial in support of his claim of newly-discovered evidence. Specifically, Houston claims that certain witnesses should have been called to testify regarding the newly-discovered evidence that juror Rose Clemons had failed to disclose during *voir dire* that she knew Houston from an intimate relationship they had over a decade ago. Finding no clear error, we affirm.

**Factual and Procedural Background**

In the late 1990s, when Houston and Clemons were teenagers, they dated. In 2012, Houston was charged by a grand jury indictment with first-degree burglary, attempted forcible rape, and second-degree sexual misconduct. In January 2014, Houston was tried by a jury on those charges.

During *voir dire*, all members of the venire panel were asked if they knew Houston. Clemons did not indicate that she knew Houston. Later, she also stated generally that she knew of no reason why she could not be fair. Throughout the three-day trial, neither Houston nor Clemons ever indicated that they knew one another. On January, 15, 2014, the jury found Houston guilty on all three counts.

On January 21, 2014, Houston's trial attorney filed a motion for new trial, raising eight points of error. The motion did not raise any issue or argument regarding Clemons's prior relationship with Houston. On March 6, 2014, Houston informed his trial attorney that his cousin, Melvin Lane, told him that Clemons had contacted Lane's family to inform them that she was on the jury that convicted Houston.

At the start of Houston's sentencing hearing, Houston's counsel informed the court that he had learned that Houston knew Clemons. Counsel asserted that Clemons had contacted Houston's family and let them know that she had dated Houston in the past and was on the jury that convicted him, but that she did not disclose that she knew Houston during *voir dire*. Counsel did not request an evidentiary hearing and did not submit any evidence in support of the claim. The trial court denied the motion for new trial, find-

---

1. All references to rules are to the Missouri Supreme Court Rules (2016) unless otherwise indicated.

ing Clemons's answer given during *voir dire* that she did not know Houston to be credible.

Houston filed a direct appeal, arguing that the trial court committed plain error by failing to hold an evidentiary hearing on his claim that Clemons was not an impartial juror. This court found no plain error because it found Houston's claim that he did not recognize Clemons was not believable and that Houston attempted to sandbag the trial court by waiting until after the verdict was announced to raise this claim for the first time. See *Houston*, 467 S.W.3d at 900–01. Moreover, we found that Houston failed to meet his burden of proving juror misconduct by failing to produce any evidence in support of his claim to the court's attention. See *id.*

Now, in his Rule 29.15 motion, Houston claims that his trial counsel was ineffective for failing to call himself, Lane, and Clemons to testify at the hearing on his motion for new trial. The motion court granted Houston an evidentiary hearing, and at the hearing, Houston presented the deposition testimony of his trial attorney, himself, Lane, and Clemons.

Houston's trial attorney testified that he had no independent recollection of the *voir dire* proceedings from Houston's trial but his notes indicated that Clemons stated that she could be fair. Trial counsel testified that if Clemons had indicated that she knew Houston, it would have been reflected in his notes and it was not, and further that he did not recall Houston ever telling him during *voir dire* or trial that he knew Clemons. He testified that he first became aware that Clemons and Houston knew each other during a jail visit with Houston on March 6, 2014, which was after the trial and the filing of the motion for new trial, but before sentencing.

Houston testified that he knew Clemons from a past relationship in 1998 or 1999 when he was eighteen years old, but that he did not recognize her during his trial because she had gained weight. He testified he learned from his cousin Lane that Clemons had contacted Lane telling him that she had served on Houston's jury.

Lane testified Clemons was his ex-girlfriend and that he introduced Clemons to Houston about fifteen years ago. Lane testified that after the trial Clemons called his cousin Jerome Hill and told him that she was on Houston's jury.

Clemons testified that she met Houston when she was sixteen or seventeen years old and they dated, but that she did not remember it until after the case was over when she was contacted by the court. She denied being introduced to Houston by anyone, denied knowing any of Houston's relatives, and denied contacting any of Houston's family or friends after the trial. When asked why she did not respond affirmatively during *voir dire* to the question of whether anyone recognized Houston, she testified that she did not recall knowing him at that time. She testified that she did not realize she knew Houston until after she was contacted by the court about coming in for her deposition related to this proceeding. Clemons testified that she never realized during the trial that she knew Houston and that her past relationship with Houston did not influence her decision in finding Houston guilty. She testified that she had shorter hair than she did back when she knew Houston and had put on approximately twenty-five pounds since then.

The motion court denied Houston's Rule 29.15 motion, finding Houston's version of events was not credible. The motion court also found that Houston's trial counsel was not ineffective because trial counsel was not made aware of the alleged juror misconduct until after the time for filing a

motion for new trial was due. This appeal follows.

## Standard of Review

Appellate review of the denial of a Rule 29.15 motion is limited to a determination of whether the motion court's findings, conclusions, and judgment are clearly erroneous. *Anderson v. State*, 196 S.W.3d 28, 33 (Mo.banc 2006). Findings and conclusions are clearly erroneous if after a review of the entire record we are left with the definite and firm impression that a mistake has been made. *Id.* We presume that the motion court's findings are correct. *Id.*

## Discussion

**A. The motion court did not clearly err in denying Houston's ineffective assistance claim.**

Houston claims that Clemons committed juror misconduct by failing to disclose during *voir dire* or during the trial that she knew him. Houston avers that while he did not recognize Clemons because she had put on weight, Clemons recognized him but did not disclose it to the court and he found out about it after the trial because Clemons called his family and told them that she was on the jury that convicted him. Houston told his trial attorney about this revelation after the motion for new trial had been filed and after the timeline for filing an amended motion had passed, but Houston's trial attorney raised the issue before the court at Houston's sentencing. Houston claims trial counsel was ineffective for not calling Clemons, Lane, and himself to testify in support of his claim at the sentencing hearing. The motion court found Houston's theory not to be credible and denied his claim. Finding no clear error, we affirm.

To prove the ineffective assistance of trial counsel, the movant must satisfy the following two-prong test from *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): 1) that counsel's performance did not conform to the degree of skill and diligence of a reasonably competent attorney; and 2) that as a result thereof, the movant was prejudiced. *Zink v. State*, 278 S.W.3d 170, 175 (Mo. banc 2009). The movant must overcome a strong presumption that counsel's performance was reasonable and effective to meet the first prong. *Id.* at 176. To satisfy the second prong, the movant must show that there was a reasonable probability that, but for counsel's alleged errors, the outcome would have been different. *Id.* If either the performance or the prejudice prong is not met, then we need not consider the other and the claim of ineffective assistance must fail. *State v. Simmons*, 955 S.W.2d 729, 746 (Mo.banc 1997).

■ Contemporaneous objections to the qualifications of jurors is required in Missouri. *State v. Baumruk*, 280 S.W.3d 600, 615 (Mo.banc 2009). This rule serves to minimize the incentive to sandbag in hopes of acquittal, and if unsuccessful, mount a post-conviction challenge to the jury selection process. *Id.* For that reason, juror challenges made for the first time after a conviction are highly suspect. *State v. Hadley*, 815 S.W.2d 422, 423 (Mo.banc 1991).

■ In determining whether to grant a new trial for juror nondisclosure, the court must first determine whether a nondisclosure occurred at all, and if so, whether it was intentional or unintentional. *State v. Ess*, 453 S.W.3d 196, 203 (Mo.banc 2015). A finding of intentional nondisclosure of a material issue is tantamount to a per se rule mandating a new trial, but if the nondisclosure was unintentional, a new trial is not warranted unless prejudice resulted from the nondisclosure that may

have influenced the jury's verdict. *State v. McFadden*, 391 S.W.3d 408, 418 (Mo.banc 2013). The party seeking the new trial has the burden of proving prejudice. *Id.*

 Here, Houston presented the motion court with the testimony of all of the witnesses he claims his trial attorney should have called at his sentencing hearing and after our review of that testimony, we find that the motion court did not clearly err in denying Houston's motion because Houston failed to show a reasonable probability that, but for counsel's alleged errors, the outcome would have been different. While it is undisputed that Clemons failed to disclose that she knew Houston, Houston has failed to show that Clemons's non-disclosure was intentional and he failed to show that he was prejudiced. Both Houston and Clemons testified that they did not recall recognizing the other during the trial, and Clemons testified that her past relationship with him had no impact on her decision-making during trial. Indeed, Clemons has maintained throughout that she could be and was fair and impartial, and Houston has not presented any evidence to the contrary. Thus, Houston cannot show he was prejudiced.

 Moreover, this Court and the motion court have both already found that Houston's claim that he did not recognize Clemons during the trial was not credible. Houston's story about he how came to realize that he knew Clemons is further belied by the record. Clemons specifically denied contacting or knowing any of Houston's family members, and Houston's claim that Clemons contacted Lane is not consistent with Lane's testimony that Clemons did not contact him, but rather contacted his cousin Jerome Hill. If the effectiveness of Houston's counsel was at all diminished, it was a result of Houston's own conduct, and Houston cannot complain about self-invited errors or matters he himself created. See *Taylor v. State*, 173 S.W.3d 359, 367 (Mo.App.S.D. 2005); *State v. Crenshaw*, 59 S.W.3d 45, 50 (Mo.App.E.D. 2001); *State v. Mullins*, 897 S.W.2d 229, 232 (Mo.App.S.D. 1995). Point denied.

### Conclusion

For the reasons stated above, we affirm.

Kurt S. Odenwald, J., and Gary M. Gaertner, Jr., J., concur.