**STATE of Missouri, Plaintiff–Respondent,**

v.

**Kelly O'SHEA, Defendant–Appellant.**

No. 25904.

Missouri Court of Appeals, Southern District, Division One.

Aug. 27, 2004.

Margaret M. Johnston, Columbia, for Defendant–Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, for plaintiff–respondent.

PHILLIP R. GARRISON, Judge.

Following a trial by the court, Kelly O'Shea ("Appellant") was convicted of fifteen counts of forgery, a violation of Sec-

tion 570.090.[1] On appeal, Appellant argues that the trial court plainly erred in failing to make a specific finding on the record that Appellant was a prior and persistent offender.[2] We disagree.

The record reveals that on November 22, 1999, Appellant pled guilty to one count of stealing by deceit, a violation of Section 570.030, and two counts of fraudulent use of a credit card, a violation of Section 570.130. During the time that Appellant was out on bond awaiting sentencing on those charges, he wrote fifteen checks drawn on the account of Charlene Beck.[3] Appellant was sentenced to five years imprisonment on the theft and fraud charges on January 21, 2000. A year and a half later, Appellant was charged with the fifteen counts of forgery at issue here. In each of those counts, he was charged as a prior and persistent offender pursuant to Section 558.016.

This matter was tried to the court on August 28, 2003 following Appellant's waiver of a jury trial. After opening statements, the following exchange occurred between the State and the trial court:

Court: Also I notice that [Appellant] is charged as a prior offender. Did you want to present evidence in support of that, [Prosecutor]?

Prosecutor: Yes, Judge. I didn't know if you wanted to do that now.

Court: I think we might as well do that up-front. Actually charged as a persistent offender. The allegation is two or more felonies?

Prosecutor: That's correct. Judge, [I] would offer State's Exhibit No. 100 and State's Exhibit No. 101. These are certified prior convictions of the [Appellant] out of Greene County which are also the issue of the transcript we're waiting on, but they show that on November 22nd, 1999, [Appellant] pleaded guilty to the felony of first fraudulent use of a credit device in the Circuit Court of Greene County, Missouri, and that would be State's Exhibit 100. It should be Case No. 399CF5196.

And then in [Respondent's] Exhibit 101, which would show on November 22nd, 1999, [Appellant] was—or [Appellant] pleaded guilty to the felony of stealing in the Circuit Court of Greene County, and that case number should be 399CF5286. He was subsequently sentenced on both of those cases in January of 2000.

Following an objection by Appellant's counsel, the trial court, in admitting Exhibits 100 and 101, stated that "[t]he court will receive State's Exhibit 100 and 101 for the only sole [sic] purpose of establishing whether or not [Appellant] is a prior and persistent offender. Those will be received for that purpose only." At the conclusion of the trial, the court found Appellant guilty of all fifteen counts and on

---

1. All statutory references are to RSMo 2000 unless otherwise indicated.

2. In the argument portion of his brief, Appellant also attempts to argue that the trial court erred in considering his prior offenses because he was not adjudicated guilty of those offenses until after the commission of the fifteen counts of forgery at issue here. Issues which are raised only in the argument portion of Appellant's brief are not preserved for our review. See State v. Hauserman, 64 S.W.3d 893, 897 (Mo.App. S.D.2002). We note, however, that Section 558.016.6 states that "[t]he pleas or findings of guilty [being used to establish that Appellant was a prior and persistent offender] shall be prior to the date of commission of the present offense"; therefore, because Appellant had been found guilty of theft and fraud at the time he committed the acts of forgery, he could be considered a prior and persistent offender under the statute.

3. The fifteen checks were written between December 17, 1999 and January 11, 2000.

October 10, 2003, he was sentenced to a total of twenty-nine years imprisonment.[4] The judgment entered by the trial court reflected that Appellant was charged as a prior and persistent offender, but no other findings were made on that issue in the record. This appeal followed.

■■■■ Appellant acknowledges that he did not preserve this issue for our review and, therefore, requests plain error review. Rule 29.12 [5] provides that "plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." The plain error rule should be used sparingly and does not justify a review of every alleged trial error that has not been properly preserved for appellate review. *State v. Carr*, 50 S.W.3d 848, 853 (Mo.App. W.D.2001). If the court chooses to exercise its discretion to conduct plain error review, the process involves two steps. *State v. Hibler*, 21 S.W.3d 87, 96 (Mo.App. W.D.2000). First, the court must determine whether the trial court committed error, affecting substantial rights, that was evident, obvious and clear. *Id.* As in the case of regular error, not every plain error requires reversal. *Carr*, 50 S.W.3d at 853. Thus, even if obvious and clear error is found, the court then must determine whether manifest injustice or a miscarriage of justice resulted therefrom. *Hibler*, 21 S.W.3d at 96.

Pursuant to Section 558.021.1, a trial court may sentence a defendant as a prior and persistent offender if:

(1) The indictment or information, original or amended, or the information in lieu of an indictment pleads all essential facts warranting a finding that the defendant is a prior offender, persistent offender, dangerous offender, persistent sexual offender or predatory sexual offender; and

(2) Evidence is introduced that establishes sufficient facts pleaded to warrant a finding beyond a reasonable doubt that the defendant is a prior offender, persistent offender, dangerous offender, persistent sexual offender or predatory sexual offender; and

(3) The court makes findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a prior offender, [or a] persistent offender [.] [6]

A "prior offender" is defined as "one who has pleaded guilty to or has been found guilty of one felony." Section 558.016.2. A "persistent offender" is "one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times." Section 558.016.3.

Here, Appellant waived his right to a jury trial and, accordingly, consented to be both tried and sentenced by the trial court. The trial court admitted evidence of his prior convictions into the record at the beginning of the trial solely for the "pur-

---

**4.** Appellant received fifteen years on count one; seven years on each of counts two through eight to run concurrently to each other, but consecutively to count one and counts nine through fifteen; and, seven years on counts nine through fifteen to run concurrently to each other but consecutively to count one and counts two through eight.

**5.** All rule references are to Missouri Rules of Criminal Procedure (2003).

**6.** Both parties admit that there is no issue regarding subsection (1) of Section 558.021.1. As noted in footnote 2, Appellant attempted to challenge subsection (2) in his argument but failed to preserve that portion of his appeal for our review. Therefore, the allegation of error discussed here is limited to the trial court's alleged failure to comply with subsection (3).

pose of establishing whether or not [Appellant] [was] a prior and persistent offender." After hearing all of the evidence, the trial court found Appellant guilty of the crimes charged, ordered a pre-sentence investigation, and set a date for sentencing. Had evidence of his prior crimes not been previously admitted, the trial court would have discovered such at the sentencing hearing when it reviewed the pre-sentence investigation. This was a court-tried case in which Appellant was well aware he was being tried and would be sentenced by the trial court. Appellant fails to cite authority that, under the circumstances here, he is entitled to plain error relief. We find no manifest injustice or miscarriage of justice.

The judgment of the trial court is affirmed.

PREWITT, J., and RAHMEYER, J., concur.