STATE of Missouri, Respondent,

v.

Eugene BRANDON, Appellant.

No. SD 28794.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 19, 2008.

Margaret M. Johnston, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen. and Anna L. Bunch, Asst. Atty. Gen., for respondent.

ROBERT S. BARNEY, Judge.

Eugene Brandon ("Appellant") appeals his convictions following a bench trial for one count of the Class A felony of drug trafficking in the second degree, a violation of section 195.223.3, RSMo Cum.Supp. 2001; one count of the Class B felony of possession of cocaine with intent to distribute, a violation of section 195.211; and one count of the Class B felony of possession of marijuana with intent to distribute, a violation of section 195.211.[1] Appellant was sentenced as a prior and persistent drug offender, per section 195.275 and section 195.295, to twenty-five years in the Missouri Department of Corrections on each count with the sentences to run concurrently. In his sole point relied on, Appellant challenges the trial court's denial of his motion to suppress statements he made to a police officer during the execution of a search warrant at his home. We affirm the judgment of the trial court.[2]

Appellant does not challenge the sufficiency of the evidence to support his conviction. Viewing the evidence in the light most favorable to the trial court's judgment, *State v. Potter*, 72 S.W.3d 307, 310

(Mo.App.2002), the record reveals that on July 29, 2003, the Springfield Police Department along with a special response team being led by Officer Josh McCain ("Officer McCain") executed a search warrant on a mobile home occupied by Appellant. Appellant was the sole occupant of the home when the officers arrived and he was made to sit at the kitchen table as the home was being searched for narcotics.

Officer McCain began searching a bedroom at the west end of the mobile home. Officer McCain testified that upon entering the room he immediately saw a digital scale on top of a dresser and a small bag of marijuana on the nightstand next to the bed. Under the bed, he located an "assault-type rifle" and near the bed he located a "piece of broken antenna that was converted into a crack pipe." Inside the bedroom closet, Officer McCain found a fireproof, "2 foot square" safe which was closed and locked. Not being able to access the contents of the safe, Officer McCain "went to the kitchen, and there was a set of keys on the table in front of [Appellant]. One key appeared to be a safe key." Officer McCain "asked [Appellant] if it was a safe key, and he said yes." Officer McCain then used the key to open the safe. The safe, which was emitting a strong odor of marijuana, contained the following items: seven baggies containing

1. Unless otherwise set out, statutory references are to RSMo 2000.

2. Preliminarily we note that, in its brief, the State takes issue with the fact that on October 26, 2007, the trial court held the sentencing hearing in this matter; formally sentenced Appellant; and entered its "Sentence and Judgment." Thereafter, following the filing of Appellant's notice of appeal, on November 5, 2007, the trial court filed a document denoted as "Judgment and Sentence to Division of Corrections on Plea of Guilty," although, as noted above, a bench trial had in fact been held. The State urges that this document is

incorrect and should be corrected by this Court or the trial court. Keeping in mind that the only difference in the two documents is the "on Plea of Guilty" language in the heading of the second document, it is our view that a "judgment becomes final in a criminal case when sentence is entered or imposed." *State v. Nelson*, 9 S.W.3d 687, 688 (Mo.App.1999). Accordingly, the "Sentence and Judgment" filed by the trial court on October 26, 2007, is the operative judgment in this matter and we are not concerned with the entry of any judgment thereafter.

more than a "user level" of marijuana with a total weight of 148.47 grams; "just over $2,650" in cash; and an unlocked, black lock box. Officer McCain opened the black lock box and discovered it contained four bags of a white substance that tested positive as cocaine and weighed a total of 78.32 grams, which, according to Officer McCain, is a "distribution" amount of cocaine.[3] He also discovered in the lock box a Missouri non-driver's license which featured Appellant's picture and information on it. Additionally, while at the home serving the search warrant, Officer McCain noticed Appellant had surveillance equipment such as cameras attached to the house and in a tree in the yard as well as a monitor inside the residence. Officer McCain testified that based on all the evidence discovered at Appellant's residence, it was clear that drugs were being distributed from that location.

After examining the contents of the lock box, Officer McCain informed Appellant of his Miranda[4] rights, Appellant waived those rights, and agreed to speak with Officer McCain. Among other things, Appellant admitted to Officer McCain that he and Lela Jackson ("Ms. Jackson") shared the bedroom where the controlled substances, paraphernalia, and firearm were located.[5] Officer McCain then placed Appellant under arrest and he was charged with the crimes set out above.

Prior to trial, Appellant filed a motion to suppress any statements he made to the police because his statements "were not voluntary;" were "made without [Appellant] first being advised of his constitutional rights;" and "[a]ny alleged statements are the result of an unlawful arrest...." This motion was overruled by the trial court following a hearing.

A bench trial was held on July 18, 2007. At the close of all the evidence, the trial court convicted Appellant of the three crimes stated above and he was sentenced to three concurrent sentences of twenty-five years in prison. This appeal followed.

In his sole point relied on, Appellant asserts the trial court erred in overruling his motion to suppress "and his objections to and in admitting his statements made to Officer McCain...." He maintains

> his statements were inadmissible because [Officer] McCain did not read Appellant his Miranda rights when Appellant was in custody—the Special Response Team had Appellant seated at the kitchen table while executing a search warrant—and Appellant was subjected to express questioning or its functional equivalent because [Officer] McCain held out the safe key which was on the key chain and asked Appellant if it was the key to the safe in the closet, and Appellant said it was.

We note at the outset that Appellant has failed to preserve this issue for our review in that no objection was made at trial to Officer McCain's direct examination testimony relating to Appellant's identification of the safe key. See State v. Boydston, 198 S.W.3d 671, 674 (Mo.App.2006). Addi-

---

**3.** Two of the four bags contained cocaine in a "rocklike" form known as "cocaine base" and two of the bags contained cocaine in a powder form known as "cocaine salt." Additionally, one of the bags contained twenty-six smaller bags packaged for sale.

**4.** Miranda v. Arizona, 384 U.S. 436, 455, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

**5.** In addition to the items already noted, the safe also contained some paperwork belonging to Ms. Jackson and the keychain upon which the key to the safe was located also contained some keys belonging to Ms. Jackson.

tionally, later in the trial, Officer McCain was again asked on re-direct examination by the State about his conversation with Appellant about the key to the safe. At that time, Officer McCain stated he "observed the key and asked [Appellant] if it opened the safe" and "he indicated that it did." Again, no objection was made by Appellant to this testimony. It was not until Appellant's counsel asked on re-cross examination if the conversation about the key occurred before or after he was advised of his *Miranda* rights that an objection was lodged as to Officer McCain's testimony.

■ It has long been held that a specific objection is required when the evidence is offered at trial to preserve the issue for appellate review. *Boydston*, 198 S.W.3d at 674. " 'Failure to object at the earliest opportunity to the admission of evidence constitutes a waiver of the claim.' " *State v. Turner*, 242 S.W.3d 770, 777 (Mo.App. 2008) (quoting *State v. Campbell*, 147 S.W.3d 195, 205 (Mo.App.2004)). Appellant has not requested we review this issue under the plain error rule found in Rule 30.20, Missouri Court Rules (2007), and we decline to do so sua sponte based on the record before this Court. *See State v. Dismang*, 151 S.W.3d 155, 162 (Mo.App. 2004) (holding that "[u]nless the claim of plain error clearly establishes substantial grounds for believing a miscarriage of justice has resulted, the court will decline to exercise its discretion to review for plain error"). Point denied.

The judgment and sentence of the trial court is affirmed.

BATES, J., and SCOTT, P.J., concur.