**Kelly O'SHEA, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. SD 29283.**

Missouri Court of Appeals,
Southern District,
Division One.

June 16, 2009.

---

DANIEL E. SCOTT, Presiding Judge.

Appellant ("Movant") appeals the denial of post-conviction relief from fifteen forgery convictions.[1] His 60–page amended Rule 29.15 motion asserted more than a dozen claims for relief. The motion court, which also had been the trial court, rejected them all after an evidentiary hearing.

■ Movant raises three points on appeal. Our review is limited to whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(k). This means our consideration of the whole record must firmly and definitely persuade us that a mistake was made. The motion court's findings are presumptively correct, and we defer to that court's credibility decisions given its superior opportunity to assess the witnesses. *See Childress v. State*, 248 S.W.3d 653, 654 (Mo.App.2008). We view the record in favor of the judgment, accepting as true all favorable evidence and inferences and disregarding those to the contrary. *Smith v. State*, 207 S.W.3d 228, 230 (Mo.App.2006).

## Background

The victim had dated Movant a short time when she concluded that Movant had written $3,375 in non-sequential checks on her account. She provided affidavits of forgery to her bank, which reimbursed her $2,531.25 in return for her cooperation in Movant's prosecution.[2]

Movant—who had at least five felony convictions for stealing, two felony convictions for fraudulent use of a credit device, two other forgery convictions, and two federal convictions for illegal use of credit cards—waived a jury and was tried by the

Mark A. Grothoff, Attorney for Appellant.

Chris Koster, Atty. Gen., James B. Farnsworth, Asst. Atty. Gen., Jefferson City, for Respondent.

1. This court affirmed those convictions in *State v. O'Shea*, 141 S.W.3d 498 (Mo.App. 2004), wherein Movant's sole claim was that the trial court erred in not specifically making a prior and persistent offender finding of record.

2. The bank did not fully reimburse the victim given her association with Movant, a reputed "smooth talker" with a history of fraud.

court, where he argued that he had acted with the victim's permission and that "the whole issue is [the victim's] credibility."[3] The trial court found Movant guilty on all counts and sentenced him, as a prior and persistent offender, to an effective prison term of 29 years.[4]

## Point I—Failure to Call Witnesses

Movant argues that his trial counsel was ineffective[5] for not calling Diane Loftis and Norman Jackson to support Movant's defense that the victim authorized him to write the checks. This point violates Rule 84.04(d) by combining separate and distinct challenges to Parts I and V of the judgment (Movant's claims 8(a)(1) and 8(a)(5) respectively). Nonetheless, we will consider each claim separately.

### Diane Loftis

■ Movant asserts that Loftis would have testified that she "perceived" the victim to be Movant's partner in a computer enterprise seeking to lease space in Loftis's building. However, Movant does not show how such testimony (if admissible *arguendo*) would have produced a viable defense or unequivocally supported Movant's theory of defense. *See Phillips v. State*, 214 S.W.3d 361, 366 (Mo.App.2007). A "perception" of persons as business partners does not mean, or even suggest, that they can use each other's personal checkbooks; nor did Loftis testify at the PCR hearing to any fact indicating Mov-

ant's authority to write and cash the victim's personal checks.

Movant also had to show that Loftis was reasonably locatable. *Id.* Trial counsel testified that Movant provided witness names, but no contact information; counsel tried to find Loftis anyway, but could not. *Compare Bolden v. State*, 748 S.W.2d 703, 705 (Mo.App.1988)(counsel not faulted for inability to contact witnesses where client merely provided names). Indeed, the record indicates that counsel could not even reach Movant, who missed scheduled meetings and did not reschedule them or provide information through other means. As a result, counsel could not meaningfully communicate with Movant from the day he bonded out of jail until 7 a.m. the morning of trial.

### Norman Jackson

■ Jackson, Movant's friend who was incarcerated during the PCR hearing, testified by deposition that he thought the victim was financing the computer enterprise, and that the victim once handed Movant a blank check to purchase cleaning supplies therefor. However, Jackson disclaimed knowledge about any of the allegedly forged checks; of any agreement about the victim's bank account or that Movant could write checks thereon whenever he wished; or of any partnership discussions between the victim and Movant. Thus, the motion court did not clear-

---

3. Movant chose not to testify at trial. His defense consisted of recalling the victim for eight questions which, including answers, totaled one transcript page.

4. Fifteen years on Count I; seven years on each of Counts II through VIII to run concurrently with each other, but consecutively to Count I and Counts IX through XV; and seven years on Counts IX through XV to run concurrently with each other, but consecutively to Count I and Counts II through VIII. *O'Shea*, 141 S.W.3d at 500 n. 4.

5. Ineffective assistance of counsel is proven if (1) counsel did not exercise the customary skill and diligence of a reasonably competent attorney in similar circumstances, and (2) the movant was prejudiced thereby. If one prong is not met, we need not consider the other. If it is simpler to dispose of a claim for lack of sufficient prejudice, a court should do so. Prejudice means a reasonable probability of a different result but for counsel's unprofessional errors. *See Childress*, 248 S.W.3d at 654.

ly err in finding that such testimony did not unequivocally support Movant's defense that he was authorized to write and cash the fifteen checks allegedly forged.

██ Trial counsel also asserted a strategic reason not to call Jackson, who saw the victim use the top checks from her checkbook, which counsel deemed irrelevant since the subject checks were non-sequential and taken from the middle of the checkbook. Counsel's strategic decision not to call a witness is virtually unchallengeable. *Wilson v. State,* 226 S.W.3d 257, 261 (Mo.App.2007). Reasonable strategy, even if it looks imperfect in hindsight, cannot support an ineffective assistance of counsel claim. *Worthington v. State,* 166 S.W.3d 566, 575 (Mo. banc 2005). The decision not to call Jackson was neither unreasonable nor prejudicial.[6] We deny Point I.

### Point II—Failure to Highlight Victim's Pecuniary Interest

██ Movant's Rule 29.15 motion challenged trial counsel's failure to demonstrate the victim's pecuniary interest in the case (*i.e.,* the bank's settlement agreement to reimburse the victim $2,531.25 if she would cooperate in Movant's prosecution). Movant argued that counsel should have introduced the settlement agreement, and that the victim's pecuniary interest was not brought out at trial. The motion court ruled otherwise because the settlement agreement *was* in evidence (offered by the State, and admitted over Movant's objection), and thus was before the trial court.

██ Movant argues differently on appeal, now claiming that trial counsel did not "adequately" establish this pecuniary interest. Movant concedes the agreement was in evidence, but argues that it "was

not highlighted to the jury," and repeatedly chastises counsel for not focusing the jury's attention on this document. Movant is bound by his issues raised and arguments made below, and may not raise new and totally different arguments on appeal. *Cook v. State,* 193 S.W.3d 378, 383 (Mo. App.2006). Moreover, there was no jury. The trial judge who admitted the settlement agreement into evidence also was the trier of fact (and for that matter, also was the motion judge). He knew of the settlement agreement, and counsel was not ineffective for not offering cumulative evidence about it. *See State v. Borders,* 844 S.W.2d 49, 56 (Mo.App.1992). The motion court's findings and conclusions are not clearly erroneous. Point II fails.

### Point III—Cruel and Unusual Punishment

██ Finally, Movant claims that his punishment was unconstitutionally cruel and unusual because it was grossly disproportionate to the severity of his crimes. Such challenges rarely succeed. *See Rummel v. Estelle,* 445 U.S. 263, 272, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980); *State v. Dillard,* 158 S.W.3d 291, 303 (Mo.App. 2005). In *Dillard,* this court extensively outlined applicable legal principles which we need not repeat or extensively quote here. 158 S.W.3d at 303–05. We have noted Movant's long criminal history: at least eleven theft-type felonies in twenty years, now followed by fifteen more. In sentencing Movant, the veteran trial judge called him "the best con man I've ever met, bar none, without any exception," and concluded that only incarceration would stop Movant from victimizing others.

---

6. Movant's failure to show prejudice as to either witness, or in any other respect, is highlighted by the experienced trial judge's comment on the overwhelming evidence of Movant's guilt, "To say that I was firmly convinced of your guilt would be an understatement. This is about the closest thing to a slam dunk as I've ever seen."

Recidivist statutes exist "to deter repeat offenders and, at some point in the life of one who repeatedly commits criminal offenses serious enough to be punished as felonies, to segregate that person from the rest of society for an extended period of time." *Rummel*, 445 U.S. at 284, 100 S.Ct. 1133. The Supreme Court has acknowledged a state's legitimate interest "in dealing more harshly with those persons who, by their repeated criminal acts, have shown 'that they are simply incapable of conforming to the norms of society as established by its criminal law.'" *Dillard*, 158 S.W.3d at 303 (quoting *Rummel*, 445 U.S. at 276, 100 S.Ct. 1133).

As the motion (and trial) court noted, Movant could have received 225 years. An effective term of 29 years pales by comparison, falls within the range prescribed by statute, and can hardly be judged excessive in light of Movant's criminal history. *See State v. Mubarak*, 163 S.W.3d 624, 631 (Mo.App.2005).[7] We deny Point III, and affirm the judgment and convictions.

BARNEY and BATES, JJ., concur.

---

7. Nor can we ignore that Movant's convictions are parole-eligible and the likelihood of his early release. *See Rummel*, 445 U.S. at 280–81, 100 S.Ct. 1133; *Dillard*, 158 S.W.3d at 304.