**Eugene BRANDON, Movant–Appellant,**

**v.**

**STATE of Missouri,**
**Respondent/Respondent.**

**No. SD 31145.**

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 16, 2011.

Mark A. Grothoff, Columbia, MO, for Appellant.

Jessica P. Meredith, Jefferson City, MO, for Respondent.

WILLIAM W. FRANCIS, JR., Presiding Judge.

Eugene Brandon ("Brandon") appeals the motion court's denial of his Rule 29.15[1] motion for post-conviction relief following

---

1. Unless otherwise specified, all rule references are to Missouri Court Rules (2011) and all references to statutes are to RSMo 2000.

an evidentiary hearing on the basis the motion court clearly erred in denying Brandon's claim of ineffective assistance of trial counsel. We affirm the judgment of the motion court.

### Facts and Procedural Background

The trial court, following Brandon's waiver of a trial by jury and subsequent trial to the bench, convicted Brandon of trafficking drugs in the second degree, in violation of sections 195.223.3(2) and 195.295.3 RSMo Cum.Supp.2001; possession of a controlled substance with intent to distribute (cocaine), in violation of section 195.211; and possession of a controlled substance with intent to distribute (marijuana), in violation of section 195.211. The trial court also found Brandon to be a prior and persistent drug offender, and subsequently sentenced him to three concurrent terms of imprisonment for twenty-five years. This Court affirmed Brandon's convictions and sentence in State v. Brandon, 270 S.W.3d 456 (Mo.App. S.D.2008). That opinion sets forth a detailed statement of the facts, and we set forth here only the facts relevant to the resolution of Brandon's claim in this appeal.

On July 29, 2003, Officer Josh McCain ("Officer McCain"), an investigator in the Narcotics Unit of the Springfield Police Department, participated as a "case agent" in the execution of a search warrant on a trailer. Brandon was present in the trailer at the time the search warrant was executed. In the course of searching the trailer bedroom, Officer McCain observed a set of digital scales on top of the dresser, and a small bag of marijuana on the nightstand. In addition, an assault-type rifle was located under the bed, and a piece of broken antenna that was "converted into a crack pipe" was located in the area of the bed. In Officer McCain's experience, these items are associated with the drug culture. In the bedroom closet, Officer McCain located a locked two-foot square safe. Officer McCain went to the kitchen and found a key ring, with four keys, on the kitchen table in front of where Brandon was sitting during the search. One of the keys appeared to be a safe key. Officer McCain asked Brandon if it was a safe key and Brandon responded it was. Brandon had not yet received his Miranda[2] rights. Officer McCain then used that key to open the safe. On opening the safe, a strong marijuana smell emanated from the safe and Officer McCain found seven baggies of marijuana in the safe—6 half-ounce bags and 1 three-ounce bag. Three ounces of marijuana "would be more than a user level amount." Officer McCain also located inside the safe four bags of powder and crack cocaine that were packaged in a manner consistent with packaging for distribution.[3] The safe also contained more than $2,650 in cash, and a Missouri identification card in Brandon's name and with his picture.

Officer McCain also observed a surveillance system at the trailer that was set up in a manner typically used by drug dealers to observe people approaching a place.

Subsequently, Brandon was arrested and Officer McCain located an additional $451 on Brandon's person during a search incident to that arrest. After being advised of his Miranda rights, Brandon stated that he stayed in the trailer bedroom "along with" a woman. The woman stated she "own[ed]" the two vehicle keys and one house key on the key ring. Also found in the safe were four "titles" and two "benefit" cards for six individuals other

---

**2.** Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

**3.** One of the bags of powder could not be located at the time of trial.

than Brandon and the woman with whom he shared the bedroom.

On July 31, 2006, Brandon filed a motion to suppress statements "concerning any oral, written or recorded statements" he allegedly made to "law enforcement agents" as his statements "were not voluntary"; were "made without [Brandon] first being advised of his constitutional rights"; and "[a]ny alleged statements [were] the result of an unlawful arrest. . . ." This included any statements Brandon made to Officer McCain regarding the identification of the safe key. Following a hearing, the trial court overruled Brandon's motion.

At Brandon's bench trial on July 18, 2007, Officer McCain testified to the specific conversation he had with Brandon regarding the identification of the safe key. Officer McCain testified that after a safe had been located in Brandon's bedroom, he "went to the kitchen, and there was a set of keys on the table in front of Mr. Brandon[ ]" and "[o]ne key appeared to be a safe key." Officer McCain asked Brandon if it "was a safe key" and Brandon responded "yes." Officer McCain then used the key to open the safe. Trial counsel did not object to the question or answer. Later, on redirect and recross examination, Officer McCain testified as follows:

### Redirect Examination

Q. When you found the key to open the safe, who pointed you to that key? Who told you which key opened the safe?

A. I asked [Brandon] if the—I observed the key and asked [Brandon] if it opened the safe.

Q. And he indicated that it did?

A. Yes.

[Prosecutor]: I don't have any further questions, Your Honor.

### Recross Examination by Trial Counsel

Q. Was this prior to Miranda?

A. Yes.

Trial counsel then promptly objected and requested that Officer McCain's prior answer be stricken because Brandon's statement was made "without Miranda." After determining the objection had been covered in the pre-trial motion to suppress, the motion court overruled the objection.

On direct appeal to this Court, Brandon asserted that the trial court erred in overruling his motion to suppress his statement to Officer McCain relating to his identification of the safe key. *Brandon*, 270 S.W.3d at 458. This Court affirmed Brandon's convictions and sentence because Brandon failed to preserve the issue for appeal by a timely objection. *Id.* at 458–459.

On December 22, 2008, Brandon filed a *pro se* Rule 29.15 motion for post-conviction relief and was appointed defense counsel. Defense counsel requested an evidentiary hearing, and filed a "Statement in Lieu of Amended Motion Under Rule 29.15" asserting that "all facts supporting the claims are asserted in the [*pro se*] motion and all claims known to [Brandon] are alleged in the [*pro se*] motion." In his *pro se* motion, Brandon raised five separate claims, including a claim that he received ineffective assistance of counsel at trial. Brandon based his claim of ineffective assistance of trial counsel on his allegation that his "[t]rial attorney failed to preserve issues related to a statement [Brandon] made to officer Mccain [sic] for Appeal Courts [sic] review" by failing to object during Officer McCain's "direct examination testimony relating to [Brandon's] identification of the Safe Key." [4]

---

4. Brandon's *pro se* motion was handwritten

and we have attempted to accurately quote its

Brandon further asserted that "[t]rial counsler [sic] demonstrated ineffective assistance when he *failed to object* when the evidence was offered at trial to preserve the issue for appellate review[,]" and "[s]ince Trial counsler [sic] did not preserve this issue, resulted in *manifest prejudice* affecting [Brandon's] *substantial rights,* for *Appellant review,* thereby constituting a *miscarriage of justice."* (Underscore in original text).

On April 29, 2010, an evidentiary hearing was held on Brandon's claim of ineffective assistance of trial counsel, and a separate claim of ineffective assistance of appellate counsel. Brandon and his trial counsel testified at the hearing. On direct examination, trial counsel testified as follows:

Q. Was it your intent to not preserve the suppression issue by not objecting at all necessary times at trial?

A. On the statement about the key?

Q. Yes.

A. It was not my conscious intent to give that up.

On cross examination, trial counsel further testified:

Q. And what was your trial strategy during this case?

A. Preserve suppression of the evidence, suppression of the statements. . . .

On January 10, 2011, the motion court entered its "Findings of Fact, Conclusions of Law, and Judgment" denying Brandon's motion, and specifically denying his claim of ineffective assistance of trial counsel on the basis it was "not a proper cognizable claim for ineffectiveness." The motion court further found:

Moreover, [Brandon] did not prove that his counsel's alleged failure to ob-

ject denied him a fair trial. [Brandon's] trial counsel did file a motion to suppress statements and asked that it be renewed throughout the trial. While not on [Officer McCain's] direct examination, the record shows that once [Brandon's] trial counsel asked on re-cross-examination about the statement being made prior to *Miranda* [,] he objected. The Court overruled his objection at that time. Thus, nothing shows that, but for, trial counsel's alleged error of not objecting that the outcome of the trial would have been different.

This appeal followed.

In his single point relied on, and argument in this appeal, Brandon frames his claim as allegations that his trial counsel was ineffective because trial counsel failed to object to improper testimony (i.e., Officer McCain's testimony about Brandon's "identification of the safe key") that, if properly objected to, would have been excluded from trial and its exclusion would have created a reasonable probability Brandon would have been acquitted. Brandon's claim on appeal is a different claim than the claim he raised in his post-conviction relief motion that trial counsel was ineffective in failing to preserve properly an issue for appeal, and on which the motion court heard evidence.

The issues for determination are: (1) whether Brandon's claim is a new claim raised for the first time in this appeal, (2) whether Brandon's claim actually asserted before the motion court is cognizable in a post-conviction relief proceeding, and (3) whether either claimed error prejudiced Brandon.

**Standard of Review**

We review a motion court's denial of a post-conviction relief motion for whether

contents as best we can discern, including   punctuation and capitalization.

the motion court's findings of fact and conclusions of law are clearly erroneous. *Forrest v. State*, 290 S.W.3d 704, 708 (Mo. banc 2009) (citing Rule 29.15(k)). Findings and conclusions are clearly erroneous if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has been made. *Id.* A post-conviction relief ruling is presumed correct, and Brandon had the burden of proving his grounds for relief by a preponderance of the evidence. *Id.*; Rule 29.15(i).

We view the record in the light most favorable to the motion court's judgment, accepting as true all evidence and inferences that support the judgment and disregarding evidence and inferences that are contrary to the judgment. *O'Shea v. State*, 288 S.W.3d 805, 807 (Mo.App. S.D. 2009); *see also Storey v. State*, 175 S.W.3d 116, 125 (Mo. banc 2005). We also defer to the motion court's credibility determinations. *O'Shea*, 288 S.W.3d at 807.

## Analysis

To establish ineffective assistance of trial counsel, a movant must show (1) that trial counsel's representation fell below an objective standard of reasonableness,[5] and (2) that, but for trial counsel's unprofessional errors, there is a reasonable probability the result of the proceeding would have been different. " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000) (quoting *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2068 80 L.Ed.2d 674 (1984)). " 'Simply showing that the alleged error had a conceivable effect on the trial outcome is not sufficient; instead, [a movant] must show that, absent

the error, there is a reasonable probability that he would have been found not guilty.' " *Williams v. State*, 205 S.W.3d 300, 305 (Mo.App. W.D.2006) (quoting *Johnson v. State*, 189 S.W.3d 640, 645 (Mo. App. W.D.2006)).

In addition, ineffective assistance of trial counsel is "rarely found" based on trial counsel's failure to object, and a failure to object only will be deemed ineffective assistance of trial counsel " 'when the defendant has suffered a substantial deprivation of his right to a fair trial.' " *Id.* (quoting *Worthington v. State*, 166 S.W.3d 566, 581 (Mo. banc 2005)).

As previously noted, Brandon frames his single claim in this appeal as a claim that his trial counsel was ineffective because counsel failed to object to improper testimony (i.e., Officer McCain's testimony about Brandon's "identification of the safe key") that, if properly objected to, would have been excluded from trial and its exclusion would have created a reasonable probability Brandon would have been acquitted. This claim is a different claim than the claim he raised in his post-conviction relief motion and on which the motion court heard evidence. In his post-conviction relief motion and hearing, Brandon alleged only that trial counsel was ineffective in failing to preserve properly an issue for appeal.

Claims not presented to the motion court cannot be raised for the first time on appeal, and we decline to address Brandon's claim raised for the first time in this appeal. *Christeson v. State*, 131 S.W.3d 796, 800 n. 7 (Mo. banc 2004). We suspect the reason Brandon reframed his claim on appeal is that the claim he actually asserted before the motion court—i.e., that trial

---

**5.** An objective standard of reasonableness requires counsel to exercise the customary skill and diligence of a reasonably competent attorney in similar circumstances. *Childress v. State*, 248 S.W.3d 653, 654 (Mo.App. S.D. 2008).

counsel was ineffective in failing to preserve properly an issue for appeal—is, as the motion court found, not a cognizable ground for granting post-conviction relief because it does not allege that trial counsel's failure to raise a meritorious objection denied Brandon a fair trial. *Dickerson v. State*, 269 S.W.3d 889, 893 n. 3 (Mo. banc 2008).

We further note that Brandon fails to show prejudice from either claim of ineffective assistance: the claim raised for the first time here, or the claim actually asserted before the motion court. The trial court overruled trial counsel's objection to the admission of Officer McCain's testimony about Brandon's identification of the safe key on two separate occasions: the first when it denied Brandon's pre-trial motion to suppress, and the second on recross examination at trial. There is no reasonable probability that the trial court would have ruled the same objection differently if the objection had been made at an earlier point in the trial.

Furthermore, the other uncontradicted evidence against Brandon at trial was strong. Brandon admitted that he shared the bedroom where the drug-related items and safe were found, a key that opened the safe was found on a key ring lying on the kitchen table, an identification card for Brandon was found in the locked safe, and Brandon had $451 cash on his person. There is no reasonable probability that the trial court would have acquitted Brandon even if trial counsel had objected and the trial court had excluded from evidence Officer McCain's testimony about Brandon's identification of the safe key, and Brandon did not suffer a substantial deprivation of his right to a fair trial.

We are not left with a firm and definite impression that a mistake was made. Brandon's point is denied, and the motion court's judgment is affirmed.

BARNEY and SCOTT, JJ., Concur.