Kendal STEWART, Appellant,

v.

STATE of Missouri, Respondent.

No. SD 31817.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 19, 2012.

Mark A. Grothoff, Columbia, MO, for appellant.

Chris Koster, Attorney General, and Karen L. Kramer, Assistant Attorney General, Jefferson City, MO, for respondent.

WILLIAM W. FRANCIS, JR., J.

Kendal Stewart ("Stewart")[1] appeals the motion court's denial of his post-conviction relief motion filed pursuant to Rule 29.15.[2] In his two points relied on, Stewart challenges trial counsel's failure to request a lesser-included-offense jury instruction, as well as trial counsel's failure to assert on direct appeal that there was insufficient evidence to support his conviction under the verdict director submitted to the jury. We affirm the motion court's decision.

**Factual and Procedural Background**

Given the narrow scope of Stewart's appeal, we set forth only those facts necessary to complete our review. The record reveals Stewart was charged by "FELONY COMPLAINT" as a prior and persistent offender with the class D felony of resisting arrest, a violation of section 575.150, RSMo Cum.Supp.2005.[3] The evidence adduced at Stewart's jury trial revealed that on the evening of October 19, 2006, Officers Michael Stroud and Curtis Ringgold of the Springfield Police Department were dispatched to an "RV" trailer in order to apprehend Stewart on an outstanding warrant. Both officers were

---

1. Throughout the record there appears to be a discrepancy in the spelling of Stewart's first name. In some instances, including the trial court's order, it is spelled "Kendall" and in other instances it is spelled "Kendal." We note Stewart's signature on the "Motion to Vacate, Set Aside or Correct the Judgment or Sentence" indicates the correct spelling to be "Kendal." As a result, this Court will use that spelling in this opinion.

2. All rule references are to Missouri Court Rules (2012).

3. Hereinafter when cited, section 575.150 references RSMo Cum.Supp.2005.

wearing their uniforms when they identified themselves as police officers to the occupants of the trailer and the occupants of the trailer—with the exception of Stewart—complied with their request to come outside. The officers went inside the trailer and found Stewart underneath a table. When Stewart refused to show his hands, the officers attempted to remove him from underneath the table by force and he began to resist their attempts to apprehend him. Stewart tried "to keep [the officers] from getting his hands[,]" he pulled away from the officers, kicked at the officers, and twisted and contorted his body in an attempt to elude their grasp. The officers were finally able to handcuff Stewart and he was arrested. At the close of all the evidence, Stewart was convicted by the jury as charged in the complaint. He was sentenced by the trial court to seven years' imprisonment as a prior and persistent offender. Stewart's conviction and sentence were upheld on direct appeal to this Court in *State v. Stewart*, 296 S.W.3d 5 (Mo.App. S.D.2009).

On November 16, 2009, Stewart filed a *pro se* motion for post-conviction relief, pursuant to Rule 29.15. He was thereafter appointed counsel and on February 16, 2010, an amended motion was filed. The amended motion alleged, *inter alia,* that Stewart's trial counsel was ineffective for failing to request a jury instruction on the lesser-included offense of resisting a detention, and for failing to assert on direct appeal insufficiency of the evidence on the basis that the verdict director contained a disjunctive submission that was unsupported by the evidence.

An evidentiary hearing was then held on October 20, 2011. At the hearing, Stewart testified his trial and direct appeal counsel, Stuart Huffman ("Huffman"), did not request a lesser-included-offense instruction, did not ever suggest requesting one, and did not discuss with Stewart the option of requesting one. Regarding the insufficiency claim not raised in the direct appeal, Stewart testified that he wanted Huffman to assert "all possible meritorious claims" in his direct appeal and he was not aware of any strategy on Huffman's part to omit any particular claims.

Huffman testified that after going through the various potential charges under section 575.150, he could not recall a specific strategy for failing to request a lesser-included-offense instruction for resisting a detention.[4] He pointed out that it was clear from the testimony at trial that the officers were there on the evening in question to "arrest" Stewart as opposed to merely "detain" him and that the language consistently used by the officers at trial was "arrest." Huffman further pointed out that the crime of resisting a lawful detention required an additional element of proof—that the stop or detention was lawful. This was not an element found in resisting arrest. Further Stewart related that the overall

> defense was ... that [Stewart] should not have reasonably known that he was actually being arrested for anything. And, in fact, we argued that the—once he knew he was under arrest, after he asked, he actually quit resisting. There was no resistance whatever from ... Stewart from the moment he's handcuffed and learns why he's being arrested until he's booked into the jail.

Huffman related while there was no strategic reason for failing to request such an instruction, he opined he had been "more

---

**4.** Huffman did apparently request and receive a lesser-included-offense instruction for third- degree assault.

focused on the arrest instead of the detention issue."

As for the insufficiency issue that was not raised in the direct appeal, Huffman testified he raised six issues on appeal and, due to the fact that he did not object or otherwise challenge the verdict director at trial, "it was probably not something ·that [he] would have thought about at the time [he] did the appeal." Further, Huffman related that it was not until he read a recent case involving a reversal due to a disjunctive jury instruction that he became more aware of such issues. He related that at the time he believed he was using the Missouri Approved Instruction ("MAI–CR") for the charged offense.

At the close of all the evidence, the motion court took the matter under advisement. On December 9, 2011, the motion court entered its "ORDER DENYING [STEWART'S] MOTION TO VACATE, SET ASIDE OR CORRECT JUDGMENT AND SENTENCE UNDER RULE 29.15." This timely appeal followed.

The issues presented for our determination are:

1. Did the motion court err in denying Stewart's claim that he received ineffective assistance of counsel as a result of Huffman's failure to request a lesser-included-offense instruction as to misdemeanor resisting arrest?

2. Did the motion court err in denying Stewart's claim that he received ineffective assistance of counsel based on Huffman's failure to raise the issue of the verdict director as a claim in the direct appeal?

## Standard of Review

We review a motion court's denial of a Rule 29.15 motion for post-conviction relief to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous. *Forrest v. State*, 290 S.W.3d 704, 708 (Mo. banc 2009); Rule 29.15(k). Findings and conclusions are clearly erroneous if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has been made. *Id.* A post-conviction relief ruling is presumed correct, and Stewart had the burden of proving his grounds for relief by a preponderance of the evidence. *Id.;* Rule 29.15(i).

Further, we view the record in the light most favorable to the motion court's judgment, accepting as true all evidence and inferences that support the judgment and disregarding evidence and inferences that are contrary to the judgment. *O'Shea v. State*, 288 S.W.3d 805, 807 (Mo.App. S.D.2009); *see also Storey v. State*, 175 S.W.3d 116, 125 (Mo. banc 2005). "At a post-conviction relief evidentiary hearing, the motion court determines the credibility of the witnesses and is free to believe or disbelieve the testimony of any witness, including that of the Movant." *Hurst v. State*, 301 S.W.3d 112, 117 (Mo. App. E.D.2010).

Our review of claims relating to the ineffective assistance of trial counsel and the ineffective assistance of appellate counsel are governed by the same standard. *Tilley v. State*, 202 S.W.3d 726, 735 (Mo.App. S.D.2006). To prove ineffective assistance of counsel, a movant must demonstrate: (1) his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances; and (2) his defense was prejudiced as a result of that deficiency. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Storey*, 901 S.W.2d 886, 893 (Mo. banc 1995). "It is presumed that counsel is effective and that

the burden is on the movant to show otherwise." *Forrest,* 290 S.W.3d at 708.

### Point I: Lesser–Included–Offense Instruction at Trial

 To establish a claim of ineffective assistance of counsel for failure to request a lesser[-]included[-]offense instruction, a movant must show that the evidence would have required submission of a lesser[-]included[-]offense instruction had one been requested, that the decision not to request the instruction was not reasonable trial strategy, and that the movant was thereby prejudiced. *Jackson v. State,* 205 S.W.3d 282, 285 (Mo.App. E.D.2006); *see Vogel v. State,* 31 S.W.3d 130, 141–45 (Mo.App. W.D. 2000). "An objectively reasonable choice not to submit an available instruction does not constitute ineffective assistance of counsel." *Id.* "The test is 'whether a reasonably competent attorney would have performed differently under similar circumstances.'" *Id.* (quoting *Love v. State,* 670 S.W.2d 499, 502 (Mo. banc 1984)). "'When the failure to request a lesser-included instruction is a matter of strategy, the court should not second guess the defendant's counsel.'" *Patterson v. State,* 110 S.W.3d 896, 903 (Mo. App. W.D.2003) (quoting *State v. Dexter,* 954 S.W.2d 332, 344 (Mo. banc 1997)).

### Analysis

 Noting that if "either the performance or the prejudice prong of the [*Strickland*] test is not met, then we need not consider the other[,]" we find Stewart has failed to prove prejudice. *Cornelious v. State,* 351 S.W.3d 36, 41 (Mo.App. W.D. 2011). "To prove prejudice, [a] movant must show a 'reasonable probability that, but for counsel's [unprofessional] errors, the result of the proceeding would have

been different.'" *State v. Shurn,* 866 S.W.2d 447, 468 (Mo. banc 1993) (quoting *State v. Ervin,* 835 S.W.2d 905, 929 (Mo. banc 1992)). In making such a determination, this court considers the totality of the evidence as to whether a reasonable probability exists and in so doing, we can "'consider the strength of the evidence of guilt in evaluating any prejudice to a defendant as a result of counsel's alleged ineffectiveness.'" *Anderson v. State,* 66 S.W.3d 770, 775–76 (Mo.App. W.D.2002) (quoting *State v. Hopkins,* 918 S.W.2d 350, 353 (Mo.App. W.D.1996)).

 In the argument portion of his brief in addressing the prejudice prong, Stewart claims:

The significance of the lesser-included jury instruction is evident. Based on the evidence presented at trial, the jury had a basis to believe [Stewart] did not know he was being arrested, but rather believed he was being detained. The jury easily could have found [Stewart] resisted a detention, not an arrest. An instruction for resisting a detention would. have been critical to the jury's determination. Had [Stewart's] trial counsel requested a lesser-included jury instruction for resisting a detention, a reasonable probability exists that the result of [Stewart's] case would have been different.

Stewart never explains how the outcome of the trial would have been different had the lesser-included-offense instruction been submitted to the jury. It was his burden to prove the jury would have found him not guilty of the charged crime and would have, instead, convicted him of the potential lesser-included offense. He fails to do so. As pointed out by the motion court, "[e]ven in the event ... trial counsel submitted the lesser[-]included offense, there is no reasonable probability that there would have been a different result in

[Stewart's] trial as the evidence [of his] guilt of the greater offense was strongly supported by the evidence." Our review of the record convinces us this is true. " 'Where there is overwhelming evidence of guilt, such that it cannot be reasonably said that, but for the challenged actions of trial counsel, the jury would have found the movant not guilty the movant suffers no prejudice.' " *Dawson v. State*, 315 S.W.3d 726, 733 (Mo.App. W.D.2010) (quoting *Anderson*, 66 S.W.3d at 778). Stewart fails to convince this Court the motion court's findings are clearly erroneous. *See Forrest*, 290 S.W.3d at 708; Rule 29.15(k). The motion court did not err in denying Stewart's claim that he received ineffective assistance of counsel as a result of Huffman's failure to request a lesser-included-offense instruction as to misdemeanor resisting arrest. Point I is denied.

### Point II: Failure to Raise Verdict Director Claim on Direct Appeal

 In order to prove that he was deprived of the effective assistance of counsel on appeal, [a movant] must first show (1) that the actions of his appellate attorney were outside the wide range of professionally competent assistance, and (2) that his counsel's errors were so severe that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment, and (3) that counsel's deficient performance resulted in prejudice. *Howard v. State*, 59 S.W.3d 586, 590 (Mo. App. E.D.2001) (internal quotations and citations omitted). "To support a claim of ineffectiveness, strong grounds must exist showing that appellate counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective lawyer would have recognized and asserted it." *Kates v.*

*State*, 79 S.W.3d 922, 928 (Mo.App. S.D. 2002). "The right to relief . . . due to ineffective assistance of appellate counsel inevitably tracks the plain error rule; i.e., the error that was not raised on appeal was so substantial as to amount to a manifest injustice or a miscarriage of justice." *Reuscher v. State*, 887 S.W.2d 588, 591 (Mo. banc 1994).

### Analysis

Here, "INSTRUCTION NO. 5," the verdict director, was submitted to the jury:

> If you find and believe from the evidence beyond a reasonable doubt:
>
> First, that on or about the 19th day of October, 2006, in the County of Greene, State of Missouri, Officer Mike Stroud was a law enforcement officer, and
>
> Second, that Officer Mike Stroud was making an arrest of [Stewart] for aggravated stalking, and
>
> Third, that [Stewart] knew or reasonably should have known that a law enforcement officer was making an arrest of [him], and
>
> Fourth, that for the purpose of preventing the law enforcement officer from making the arrest, [Stewart] resisted *by using physical force or physical interference*,
>
> then you will find [Stewart] guilty of resisting arrest.
>
> However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find [Stewart] not guilty of that offense.

Stewart argues under this point relied on that Huffman was ineffective for failing to raise a sufficiency-of-the-evidence claim on direct appeal asserting that the aforementioned verdict director wrongly included a disjunctive submission, contrary to the

MAI–CR, unsupported by the evidence and unauthorized by law such that there was insufficient evidence supporting his resisting arrest conviction. Stewart asserts the language of the verdict director is erroneous in that he was charged with resisting his own arrest, not interfering with someone else's arrest, such that the fourth element should not have included the phrase "physical interference." He maintains the use of that phrase made the fourth element of the verdict director contain the elements of two distinct crimes—resisting arrest under section 575.150.1(1) and interfering with the arrest of another under section 575.150.1(2). It is Stewart's assertion that because there was no proof he interfered with the arrest of another person, that portion of the verdict director was without evidentiary support, as well as contrary to the applicable approved instruction, MAI–CR3d 329.60.2, such that it should not have been given. Stewart maintains the erroneous disjunctive instruction, thus, means his conviction was not supported by sufficient evidence as instructed. We disagree with Stewart's interpretation of the statute and the applicable MAI–CR.

■ This Court fails to see how the instruction submitted to the jury could be interpreted as instructing on two distinct crimes or appear to submit that Stewart interfered with the arrest of another person. Instruction No. 5 clearly states Stewart resisted his own arrest by using physical force or physical interference.[5] There is nothing that limits his physical interference to the arrest of another person such that the physical interference set out could easily have been the result of interfering in his own arrest. The record was clear that Stewart, despite being aware he was dealing with police officers, continued to kick at the officers, refused to comply with their requests, and made other attempts to evade their ability to take him into custody. The evidence shows Stewart resisted arrest by using physical force and physical interference with his arrest. There was sufficient evidence to support the giving of the verdict-directing instruction.

Further, we note the fourth paragraph of MAI–CR3d 329.60.2 states:

> Fourth, that for the purpose of preventing the law enforcement officer(s) from making the arrest, the defendant (resisted) (interfered) by (using) (threatening the use of) (violence) (or) (physical force) (or) (physical interference).

This is exactly the language used in Instruction No. 5, such that the instruction clearly comports with Rule 28.02(c), which requires that "[w]henever there is an MAI–CR instruction or verdict form applicable under the law and Notes on Use, the MAI–CR instruction or verdict form shall be given or used to the exclusion of any other instruction or verdict form."

■ As there was sufficient evidence to support the giving of the instruction at issue such that there was no disjunctive submission and the instruction given was in line with the requirements of MAI–CR3d 329.60.2, had Huffman raised this issue in the direct appeal it would have been non-meritorious. "Appellate counsel cannot be ineffective for failing to raise a frivolous claim." *Spells v. State*, 277 S.W.3d 343, 351 (Mo.App. W.D.2009). The motion court did not err in denying Stewart's claim that he received ineffective assistance of counsel based on Huffman's failure to raise the issue of the verdict

---

5. Neither of these terms are defined in section 575.150 or in the Notes On Use for MAI–CR 329.60.2.

director as a claim in the direct appeal. Point II is denied.

The findings of the motion court are affirmed.

GARY W. LYNCH, P.J., and NANCY STEFFEN RAHMEYER, J., concur.