STATE OF MISSOURI, )
 )
 Respondent, )
 ) No. SD36987
 vs. )
 ) Filed: March 8, 2022
DEMETRIC T. BURROS, )
 )
 Appellant. )

 APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

 Honorable Jason Brown, Judge

AFFIRMED AND REMANDED WITH INSTRUCTIONS

 Demetric Burros appeals his conviction for driving with a suspended license as a

prior and persistent offender. He submits a single point on appeal, alleging his sentence

exceeded the maximum permitted by law because the trial court did not make specific

findings of fact identifying Burros’ prior enhancing convictions before sentencing. This

claim of error was not preserved for appellate review and we decline Rule 30.201 plain

error review.

1 All rule references are to Supreme Court Rules (2021).
 Background

 Burros was charged with driving while license is suspended (fourth or subsequent

offense), a Class E felony.2 Section 302.321.2.3 The State also alleged that Burros was a

prior offender and a persistent offender, which, if proven beyond a reasonable doubt,

would enhance the range of punishment to that of a Class D felony. Section 558.016.7. At

trial, the State submitted copies of Burros’ previous convictions4 as well as certified

driving records without objection.

 During sentencing, the court confirmed with the attorneys that the sentencing

range was that of a D felony due to Burros’ prior and persistent offender status. The trial

court addressed Burros directly, explaining that his prior convictions, specifically his two

prior felonies committed at different times, were considered in determining the

appropriate sentence. After further explanation, the trial court stated:

 It is the Court’s sentence and judgment[,] having found the defendant guilty
 of . . . the class E felony of driving while his license was suspended as a fourth
 or subsequent offense, and having determined that Mr. Burros is a prior and
 persistent offender subject to enhanced punishment[,] that he be sentenced
 to six years in the Missouri Department of Corrections.

Execution of that sentence was suspended and he was placed on probation for five years.

2 We need not relate the circumstances that resulted in the instant charge because Burros does not

challenge the sufficiency of the evidence that he operated a motor vehicle on a highway while his driver’s
license was suspended.
3 Statutory references are to RSMo. (2016).
4 These records, though presented to the trial court and admitted into evidence, were not included in the

record on appeal. Copies of these documents were included in the appendix to Burros’ brief. However,
such a submission is not a substitute for a complete record on appeal and cannot be considered. State v.
Richey, 603 S.W.3d 914, 916 (Mo.App. 2020). Accordingly, we cannot consider these documents beyond
their description in the transcript.

 2
 Discussion

 In his sole point relied on, Burros challenges both the original enhancement from

a misdemeanor to a Class E felony under § 302.321.2 and the enhancement of the range

of punishment from a Class E to a Class D felony under § 558.016.7, asserting that the

trial court failed to make findings of fact that warrant a finding beyond a reasonable doubt

that he is a prior and persistent offender as required by § 558.021.1(3). He concedes that

he did not raise this issue in the trial court. Thus, this error has not been preserved for

appellate review. State v. Walter, 479 S.W.3d 118, 122-23 (Mo. banc 2016); State v.

Winters, 623 S.W.3d 746, 753 (Mo.App. 2021). We generally do not review unpreserved

claims of error. State v. Brandolese, 601 S.W.3d 519, 525 (Mo. banc 2020).

 Nevertheless, Burros argues that a challenge to a court’s authority to impose an

enhanced sentence is jurisdictional in nature and therefore is not waived by failure to

raise the issue in the trial court. In support of this contention he cites State v. Burdette,

134 S.W.3d 45 (Mo.App. 2004). Burdette was decided nearly five years before J.C.W.

ex rel. Webb v. Wyciskalla, 275 S.W.3d 249 (Mo. banc 2009). In Webb, our

supreme court clarified that a circuit court’s authority to render a judgment in a particular

category of case, and thus its subject matter jurisdiction, is controlled by the Missouri

Constitution, not by statute. Id. at 254. “Missouri circuit courts have subject matter

jurisdiction over criminal cases under article V, section 14 of the Missouri Constitution.”

State ex rel. Laughlin v. Bowersox, 318 S.W.3d 695, 698 (Mo. banc 2010).

 What Burros argues on appeal is an error in a matter of jurisdictional competence,

i.e. statutory limits on remedies that courts may grant. Webb, 275 S.W.3d at 255. There

 3
is no category of jurisdiction called “jurisdictional competence.” Id. at 254. “Simply

stated, a claim that a trial court has exceeded its statutory power or authority does not

implicate the trial court’s subject matter jurisdiction.” State v. Brown, 406 S.W.3d

460, 464 (Mo.App. 2013). To the extent that the court in Burdette considered an

unpreserved claim of error in sentencing enhancement as an issue invoking the circuit

court’s subject matter jurisdiction, that practice has been overruled by Webb and should

no longer be followed. Thus, review, if any, would be for plain error only. Winters, 623

S.W.3d at 753.

 In this case, the state pleaded facts sufficient to warrant the sentencing

enhancements, the proof at trial sufficiently supported the pleadings, and the court

unequivocally announced that it was sentencing Burros as a prior and a persistent

offender. Burros’ five-year sentence is within the range permitted for a Class D felony.

Section 558.011.1. However, it appears that the trial court did not make a specific finding

of fact that Burros was a prior and persistent offender prior to sentencing. Rather, the

court referred to his status at sentencing and sentenced him accordingly.

 The failure of a trial court to include a finding of fact regarding a defendant’s prior

convictions is a procedural deficiency and not a reversible error. Treviño v. State, 206

S.W.3d 356, 360 (Mo.App. 2006). Such a procedural deficiency does not necessarily

create a manifest injustice provided there is evidence to support a finding that the

defendant is a persistent offender, the court’s finding is sufficient to show it relied on such

evidence, and the State was not unfairly given more than one opportunity to carry its

burden of proof. State v. Johnson, 524 S.W.3d 505, 514 (Mo. banc 2017); State v.

 4
O’Shea, 141 S.W.3d 498, 501 (Mo.App. 2004); Davis v. State, 510 S.W.3d 865, 868

(Mo.App. 2017). On the rare occasions where a trial court neglected to make such a

finding, we have affirmed when there was a clear indication that the trial court considered

the defendant’s previous convictions and pronounced a sentence that demonstrated the

trial court relied on the evidence of those convictions to sentence the defendant as a prior

and persistent offender. State v. Gibson, 122 S.W.3d 121, 125 (Mo.App. 2003); State

v. Coomer, 976 S.W.2d 605, 606 (Mo.App. 1998); State v. Rice, 887 S.W.2d 425, 429

(Mo.App. 1994).

 Burros has not sought plain error review under Rule 30.20. The trial court’s

statements consistently reflect that the court considered and relied on Burros’ previous

convictions before entering a sentence consistent with his prior and persistent offender

status. In accord with the principles of plain error review and the cases cited above, we

decline plain error review and deny Burros’ sole point on appeal.

 Conclusion

 We affirm the judgment and sentence. However, the written judgement does not

reflect the oral pronouncement of sentence because the box indicating that Burros was a

prior and persistent offender was not checked. The record supports amending the

judgment, the trial court’s intentions regarding Burros’ sentence are clear from the

record, and the clerical error can be corrected by a nunc pro tunc order to make the record

conform to what actually happened. State v. Carroll, 207 SW.3d 140, 142 (Mo.App.

2006). Accordingly, we remand with instructions to the trial court to enter judgment

nunc pro tunc to correct the clerical error in the written sentence and judgment to indicate

 5
that Burros was a prior and persistent offender as pronounced on the record at

sentencing.

JACK A. L. GOODMAN, J. – OPINION AUTHOR

WILLIAM W. FRANCIS, JR., P.J. – CONCURS

JEFFREY W. BATES, J. – CONCURS

 6